## *In re* FREDERICH, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.

No. 1305.   Argued April 7, 10, 1893. — Decided April 24, 1893.

When a prisoner, convicted of crime in a state court and sentenced there to punishment, complains that his rights under the Constitution or laws of the United States have been thereby violated, he may seek relief in the federal courts by an application either to the proper Circuit Court for a writ of *habeas corpus*, or to a justice of this court for a writ of error to the state court.

The remedy by *habeas corpus* should be limited to cases in which the judgment or sentence attacked is clearly void by reason of its having been rendered without jurisdiction, or by reason of the court's having exceeded its jurisdiction in the premises; and the general rule and better practice, in the absence of special facts and circumstances, is to require the prisoner to seek a review by writ of error instead of resorting to the writ of *habeas corpus*.

THIS was an appeal from an order denying an application for a writ of *habeas corpus* addressed to the court below by

Albert Frederich, a prisoner confined in the penitentiary of the State of Washington, at Walla Walla, in that State.

The case, as made by the petition and accompanying exhibits, was as follows: On the 17th of June, 1891, the prisoner was duly indicted by the grand jury of King County, Washington, for the murder of one Julius Scherbring, and upon said indictment he was subsequently arraigned, pleaded not guilty, was tried by a jury, and on the 26th of September, 1891, was found guilty of murder in the first degree. A motion for a new trial having been overruled, he was sentenced to be hung. From this judgment of death and the order overruling his motion for a new trial the accused appealed to the Supreme Court of the State, which reversed the judgment of the trial court and remanded the case, with a direction to set aside and vacate the judgment imposing the sentence of death, but to let the verdict stand and to enter a new judgment thereon for murder in the second degree, that being, in the opinion of the Supreme Court of the State, the proper degree of his crime, inasmuch as the evidence in the case did not show such deliberate and premeditated malice as would sustain a conviction of murder in the first degree. *Frederich* v. *State*, 4 Washington, 204.

This judgment of the Supreme Court was rendered under and in pursuance of the following provision of 2 Hill's Ann. Stats. and Code of Washington:

" SEC. 1429. The Supreme Court may affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."

Pursuant to this order of the Supreme Court, the prisoner, on the 16th of June, 1892, was again brought before the trial court and adjudged to be guilty of murder in the second degree, and he was thereupon sentenced to imprisonment in the state penitentiary for the term of twenty years. This sentence having been carried into execution and the prisoner incarcerated in the penitentiary, he, thereupon, on the 9th of August, 1892, made this application for a writ of *habeas corpus*, claiming that he was deprived of his liberty without due process of law, in violation of the provisions of the

Fourteenth Amendment to the Constitution of the United States.

The grounds upon which this application was based were, that the Supreme Court of the State was without jurisdiction and did not have any authority, under said section 1429 of the code, or under any other law, to render the judgment it did; that all that court could do was either to affirm the judgment of the trial court outright, or to reverse it outright, and, under proper instructions, remand the cause for a new trial by a jury; that, therefore, its judgment was absolutely void, and the judgment of the trial court in carrying out the directions of the Supreme Court was, of necessity, void; and that the prisoner ought, therefore, to be discharged.

The court below practically agreed with the petitioner that the Supreme Court of the State had misinterpreted said section 1429 of the code, and that what it had actually done, by its decision and judgment, was to modify the verdict of the jury, which, under legal and proper proceedings, it had no authority to do; that its judgment and the subsequent judgment of the trial court carrying it into effect were both void; and that, therefore, the petitioner's imprisonment was without due process of law and in violation of the Fourteenth Amendment to the Federal Constitution. The Circuit Court further ruled, however, that the petitioner's proper remedy was not by writ of *habeas corpus* in the federal courts, in the first instance, but that he should first raise the question of his illegal imprisonment in the state courts, and if it was finally decided against him by the state supreme court, he could then have it reviewed and corrected by the Supreme Court of the United States on a writ of error; and it accordingly denied the application. 51 Fed. Rep. 747.

*Mr. Frederic D. McKenney,* (with whom were *Mr. S. F. Phillips* and *Mr. W. B. Tyler* on the brief,) said, on the question of jurisdiction:

It being alleged under oath that Frederich is restrained of his liberty in violation of the Fourteenth Amendment, the

Circuit Court, by the express words of the statute in such case provided, had jurisdiction to inquire into the cause of the restraint and to deal with the prisoner " as law and justice require." Rev. Stat. §§ 751, 752, 753, 754, 755, 761.

That the imprisonment is the result of the exercise of state authority acting through its judicial agents does not affect the jurisdiction of the Circuit Court to make inquiry in the premises, nor does it lessen its power to discharge the prisoner upon a proper showing, and this, no matter whether the aid of the Circuit Court be invoked prior to the trial in the state court or subsequent to trial and conviction. *Ex parte Royall*, 117 U. S. 241. *In re Neagle*, 135 U. S. 1.

Although this court may put a party to his writ of error rather than interfere by *habeas corpus*, (*In re Wood, petitioner*, 140 U. S. 278,) nevertheless it has the power, if it see fit to do so, to proceed summarily by *habeas corpus* to determine whether the petitioner is illegally restrained. *Ex parte Royall*, *supra*. And if it appear that the process by which the prisoner is detained be not merely erroneous, but is absolutely void, a writ of *habeas corpus* should be issued instanter if the court to which the application is made is vested with jurisdiction. *Ex parte Lange*, 18 Wall. 163.

Upon writ of error to give this court jurisdiction, it must affirmatively appear on the face of the record not only that a federal question was raised in the state courts, but that it was decided or that its decision was necessary to the judgment or decree rendered. *Chouteau* v. *Gibson*, 111 U. S. 200. It will not do that such question was raised for the first time on motion for rehearing or review. *Texas & Pacific Railway* v. *Southern Pacific Railway*, 137 U. S. 48.

If it be true, as is stated in the opinion of the learned circuit judge, that no federal question has yet been passed upon in this case by the state supreme court, it would hardly be in keeping with the principles of good practice and procedure to insist that Frederich should hew out a new and circuitous pathway to this tribunal, when a direct and simple road is already open to him.

But it is not true that the validity of the judgment imposed

upon the appellant by the Superior Court of King County is open to further investigation upon appeal to the supreme court of the State. The action of the county court is in precise accord with the mandate of the state supreme court. Its judgment is in effect the judgment of the supreme court. The state supreme court must be presumed to have acted only after due consideration, and an appeal from a judgment entered pursuant to its mandate would be but an appeal from itself to itself. Such an appeal would be but a prayer in vain, and the doing of a vain thing is never insisted upon by the law. *Stewart* v. *Salamon,* 97 U. S. 361; *Humphrey* v. *Baker,* 103 U. S. 736; *Mackall* v. *Richards,* 116 U. S. 45. In the present state of the record in the state courts this is the sole method by which the prisoner may invoke the aid of the Federal Constitution in the maintenance of his fundamental rights.

*Mr. W. C. Jones,* Attorney General of the State of Washington, and *Mr. James A. Haight,* opposing, submitted on their brief.

MR. JUSTICE JACKSON, after stating the case, delivered the opinion of the court.

At common law the general rule undoubtedly was that where an erroneous judgment was entered by a trial court, or an erroneous sentence imposed, on a valid indictment, the appellate court, on error, could not itself render such a judgment as the trial court should have rendered or remit the case to the trial court with directions for it to do so, but the only thing it could do was to reverse the judgment and discharge the defendant. This rule was recognized in England in the case of *The King* v. *Bourne,* 7 Ad. & El. 58, where the Court of King's Bench reversed the judgment of the Court of Quarter Sessions, and discharged the defendants because the sentence imposed upon them by that court was of a lower grade than that which the law provided for the crime of which they had been convicted.

Some of the States in which the common law prevails, or is

adhered to, have adopted the same rule, but in most of the
States it is expressly provided by statute that when there is
an error in the sentence which calls for a reversal, the appel-
late court is to render such judgment as the court below should
have rendered, or to remand the record to the court below
with directions for it to render the proper judgment. And
this practice seems to prevail in the State of Washington.
The whole subject is discussed in Wharton's Crim. Pl. & Pr.,
§§ 780, 927, where the authorities are collected and cited.

But whether this practice in the State of Washington is
warranted, under a correct construction of said § 1429 of the
code, or whether, if it is, that section violates the Fourteenth
Amendment to the Federal Constitution, in that it operates to
deprive a defendant whose case is governed by it of his liberty
without due process of law, we do not feel called upon to de-
termine in this case, because we are of opinion that, for other
reasons, the writ of *habeas corpus* was properly refused.

While the writ of *habeas corpus* is one of the remedies for
the enforcement of the right to personal freedom, it will not
issue, as a matter of course, and it should be cautiously used
by the federal courts in reference to state prisoners. Being
a civil process it cannot be converted into a remedy for the cor-
rection of mere errors of judgment or of procedure in the court
having cognizance of the criminal offence. Under the writ of
*habeas corpus*, this court can exercise no appellate jurisdiction
over the proceedings of the trial court or courts of the State,
nor review their conclusions of law or fact, and pronounce
them erroneous. The writ of *habeas corpus* is not a proceed-
ing for the correction of errors. *Ex parte Lange*, 18 Wall.
163; *Ex parte Siebold*, 100 U. S. 371; *Ex parte Curtis*, 106
U. S. 371; *Ex parte Carll*, 106 U. S. 521; *Ex parte Bigelow*,
113 U. S. 328; *Ex parte Yarbrough*, 110 U. S. 651; *Ex parte
Wilson*, 114 U. S. 417; *Ex parte Royall*, 117 U. S. 241; *In re
Snow*, 120 U. S. 274; *In re Coy*, 127 U. S. 731; *In re Wight,
petitioner*, 134 U. S. 136; *Stevens* v. *Fuller*, 136 U. S. 468.

As was said by this court, speaking by Mr. Justice Harlan,
in *Ex parte Royall*, 117 U. S. 241, 252, 253, " where a person
is in custody, under process from a state court of original

jurisdiction, for an alleged offence against the laws of such State, and it is claimed that he is restrained of his liberty in violation of the Constitution of the United States, the Circuit Court has a discretion whether it will discharge him, upon *habeas corpus*, in advance of his trial in the court in which he is indicted; that discretion, however, to be subordinated to any special circumstances requiring immediate action. When the state court shall have finally acted upon the case, the Circuit Court has still a discretion whether, under all the circumstances then existing, the accused, if convicted, shall be put to his writ of error from the highest court of the State, or whether it will proceed by writ of *habeas corpus* summarily to determine whether the petitioner is restrained of his liberty in violation of the Constitution of the United States."

The office of a writ of *habeas corpus* and the cases in which it will generally be awarded was clearly stated by Mr. Justice Bradley speaking for the court in *Ex parte Siebold*, 100 U. S. 371, 375, as follows: "The only ground on which this court, or any court, without some special statute authorizing it, will give relief on *habeas corpus* to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void. This distinction between an erroneous judgment and one that is illegal or void is well illustrated by the two cases of *Ex parte Lange*, 18 Wall. 163, and *Ex parte Parks*, 93 U. S. 18. In the former case we held that the judgment was void, and released the prisoner accordingly; in the latter we held that the judgment, whether erroneous or not, was not void because the court had jurisdiction of the cause, and we refused to interfere." The reason of this rule lies in the fact that a *habeas corpus* proceeding is a collateral attack of a civil nature to impeach the validity of a judgment or sentence of another court in a criminal proceeding, and it should, therefore, be limited to cases in which the judgment or sentence attacked is clearly void by reason of its having been rendered without jurisdiction, or by reason of the court's having exceeded its jurisdiction in the premises.

It is said in *Ex parte Royall, supra*, that after a prisoner is convicted of a crime in the highest court of the State in which a conviction could be had, if such conviction was obtained in disregard or in violation of rights secured to him by the Constitution and laws of the United States, two remedies are open to him for relief in the federal courts — he may either take his writ of error from this court, under § 709 of the Revised Statutes, and have his case reëxamined in that way on the question of whether the state court has denied him any right, privilege or immunity guaranteed him by the Constitution and laws of the United States; or he may apply for a writ of *habeas corpus* to be discharged from custody under such conviction, on the ground that the state court had no jurisdiction of either his person or the offence charged against him, or had, for some reason, lost or exceeded its jurisdiction, so as to render its judgment a nullity ; in which latter proceeding the federal courts could not review the action or rulings of the state court, which could be reveiwed by this court upon a writ of error. But, as already stated, the Circuit Court has a discretion as to which of these remedies it will require the petitioner to adopt. This was expressly ruled in *Ex parte Royall, supra*, and has been repeatedly followed since that case. In the recent case of *In re Wood*, 140 U. S. 278, 290, after reaffirming the rule laid down in *Ex parte Royall*, the court added : "After the final disposition of the case by the highest court of the State, the Circuit Court, in its discretion, may put the party who has been denied a right, privilege or immunity claimed under the Constitution or laws of the United States to his writ of error from this court, rather than interfere by writ of *habeas corpus*."

We adhere to the views expressed in that case. It is certainly the better practice, in cases of this kind, to put the prisoner to his remedy by writ of error from this court, under section 709 of the Revised Statutes, than to award him a writ of *habeas corpus*. For, under proceedings by writ of error, the validity of the judgment against him can be called in question, and the federal court left in a position to correct the

wrong, if any, done the petitioner, and at the same time leave the state authorities in a position to deal with him thereafter, within the limits of proper authority, instead of discharging him by *habeas corpus* proceedings, and thereby depriving the State of the opportunity of asserting further jurisdiction over his person in respect to the crime with which he is charged.

In some instances, as in *Medley, petitioner*, 134 U. S. 160, the proceeding by *habeas corpus* has been entertained, although a writ of error could be prosecuted; but the general rule and better practice, in the absence of special facts and circumstances, is to require a prisoner who claims that the judgment of a state court violates his rights under the Constitution or laws of the United States, to seek a review thereof by writ of error instead of resorting to the writ of *habeas corpus*.

In the present case we agree with the court below that the petitioner had open to him the remedy by writ of error from this court for the correction of whatever injury may have been done to him by the action of the state courts, and that he should have been put to that remedy, rather than given the remedy by writ of *habeas corpus*. The Circuit Court had authority to exercise its discretion in the premises, and we do not see that there was any improper exercise of that discretion, under the facts and circumstances.

Without passing, therefore, upon the merits of the question as to the constitutionality of the provision of the code under which the Supreme Court proceeded in disposing of the case, when it was before it, or upon the question of the validity of the judgments rendered by the state courts in the case, we are of opinion, for the reasons stated, that the order of the Circuit Court refusing the application for the writ of *habeas corpus* was correct, and it is accordingly

*Affirmed.*