In re BONNER.

(Circuit Court, N. D. Iowa, E. D. August 15, 1893.)

1. UNITED STATES COURT IN THE INDIAN TERRITORY—IMPRISONMENT IN STATE PENITENTIARY.

The United States court in the Indian Territory has no power to order that a sentence of imprisonment for one year shall be executed in a state penitentiary, as imprisonment in such an institution is limited by Rev. St. U. S. § 5541, to sentences for a period longer than one year. In re Mills, 10 Sup. Ct. Rep. 762, 135 U. S. 263, followed.

2. HABEAS CORPUS—LEAVING PRISONER TO REMEDY BY APPEAL.

On habeas corpus, the petitioner sought his release on the sole ground that the United States court in the Indian Territory had erred in directing a sentence of imprisonment for one year to be executed in a state penitentiary, but made no complaint as to the jurisdiction of that court over the offense or over the person, nor as to the legality of the proceedings which resulted in the verdict. Held, that as the erroneous direction could have been corrected in the trial court, had attention been called thereto, and still might be corrected by the circuit court of appeals, the prisoner should be left to his remedy by writ of error, and his discharge refused. Following Ex parte Frederich, 13 Sup. Ct. Rep. 793, 149 U. S. 70.

At Law. Petition by John Bonner for a writ of habeas corpus. Writ refused.

Johnson, Cruce & Cruce, for petitioner.

C. L. Jackson and John E. Stryker, for the United States.

SHIRAS, District Judge. A petition for the issuance of a writ of habeas corpus, on behalf of John Bonner, was filed some time since, in which it was averred that the petitioner was illegally restrained of his liberty by the warden of the Iowa state penitentiary, at Anamosa, Iowa, in pursuance of a sentence imposed by the United States court in the Indian Territory, which, it was claimed, is illegal and void. Upon the filing of the petition, an order was issued to the warden of the penitentiary, directing him to make a return showing by what authority he held the petitioner in custody, which return was duly made, showing that the petitioner was imprisoned in the penitentiary by virtue of an order made by the United States court for the Indian Territory, directing that a sentence of imprisonment for a period of one year, pronounced against the petitioner for the crime of larceny, should be carried out by confining the petitioner in the Iowa state penitentiary, at Anamosa. The question whether a writ for the discharge of the petitioner should be issued was set down for hearing on July 27th, and counsel have submitted briefs upon the question involved; the position taken by counsel for petitioner being that the court in the Indian Territory could not lawfully sentence the petitioner to imprisonment in a penitentiary for a period of one year.

On behalf of petitioner, reliance is placed upon the case of In re Mills, 135 U. S. 263, 10 Sup. Ct. Rep. 762, in which the supreme court had occasion to consider the extent of the jurisdiction of the United States court in the Indian Territory, in determining whether the creation of that court had deprived the United States district

court in and for the western district of Arkansas of jurisdiction over offenses committed in the Indian Territory, and punishable by imprisonment at hard labor in the discretion of the court. The fifth section of the act of March 1, 1889, (25 Stat. 783,) creating the court in the Indian Territory, provides:

"That the court hereby established shall have exclusive jurisdiction over all offenses against the laws of the United States committed within the Indian Territory, as in this act defined, not punishable by death or imprisonment at hard labor."

The court held that this section did not deprive the court of the western district of Arkansas of jurisdiction over offenses wherein the punishment might be imprisonment at hard labor, or imprisonment for a period longer than one year, but it further held that:

"A sentence simply of 'imprisonment,' in the case of a person convicted of an offense against the United States, where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary, cannot be executed by confinement in a penitentiary, except in cases in which the sentence is for a period longer than one year. * * * There is consequently no escape from the conclusion that the judgment of the court, sentencing the petitioner to imprisonment in a penitentiary in one case for a year, and in the other for six months, was in violation of the statutes of the United States. The court below was without jurisdiction to pass any such sentence, and the orders directing the sentence of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcribed its powers."

Under this construction of the statute, it seems clear that the order of the court in the Indian Territory, directing the sentence of imprisonment for the period of one year to be carried out by confinement in a penitentiary, instead of a jail, was beyond its power to make. In the petition for the writ, no attack is made upon the jurisdiction of the court over the offense charged against the petitioner, and over the person of the petitioner, nor is any exception taken to the legality of the proceedings which resulted in a verdict of guilty brought in by the trial jury.

The sole ground relied upon is that the court exceeded its power in sentencing the petitioner to confinement in the penitentiary. That this position is well taken must be conceded, in view of the ruling of the supreme court in the case of In re Mills, above quoted, and the other cases therein cited. Does it follow, however, that, of necessity, the petitioner is entitled to be discharged upon a writ of habeas corpus? The error of which the petitioner complains is not one affecting the jurisdiction of the court before which he was tried over his person, or over the offense of which he was convicted. The error is one which could readily have been corrected in the trial court, had the attention of the court been called to it at the time the order was made. Furthermore, by writ of error, the petitioner can take the case before the circuit court of appeals, and thus secure the correction of any wrong done him in the premises. The court of the United States for the northern district of Iowa, and the judges thereof, have no appellate power over the proceedings had in the United States court in the Indian Territory; and neither by means of the writ of habeas corpus, nor any

other process, can they correct errors committed in cases triable before that court.    Where a party has secured to him the right to carry his case before an appellate court competent to rectify any errors committed to his prejudice, the better rule is to remit him to this remedy, rather than to grant a writ of habeas corpus.    The purpose sought to be accomplished by means of the writ of habeas corpus is not the correction of the error complained of, but to compass the discharge of the petitioner from all further imprisonment.    In principle, this case comes within the doctrine announced by the supreme court in the recent case of  Ex parte Frederich, 149 U. S. 70, 13 Sup. Ct. Rep. 793, wherein it is held that, where the prisoner has open to him the remedy of a writ of error for the correction of whatever injury may have been done by the action of the trial court, he should be put to that remedy, and the writ of habeas corpus should be refused, unless, in the particular case, special facts should demand other action.

Following the ruling in that case, the writ prayed for is refused.