HOPKINS v. McCLAUGHRY, Warden.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1913.)

No. 3965.

1. HABEAS CORPUS (§ 30*)—DEFECTIVE INDICTMENT—COLLATERAL ATTACK.

Habeas corpus to secure petitioner's release from imprisonment on the ground that the indictment is fatally defective is a collateral, not a direct, attack on the indictment.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

2. HABEAS CORPUS (§ 4*)—JURISDICTION—DEFECTIVE INDICTMENT.

Where petitioner was accused in a federal court, having jurisdiction of his person, of embezzlement and the abstraction of funds from a national bank of which he was teller, such offense was within the jurisdiction of the federal court of the district in which the offense was committed, and hence, if the court erred in determining the sufficiency of the indictment, the error was one of law by a court acting within its jurisdiction and reviewable on a writ of error, and could not be reviewed on habeas corpus after conviction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4.*]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus, on petition of Julius W. Hopkins, against Robert W. McClaughry, Warden of the United States Penitentiary at Leavenworth, Kan. From an order denying the writ, and remanding the petitioner to custody, he appeals. Affirmed.

Turner W. Bell, of Leavenworth, Kan., for appellant.

H. J. Bone, U. S. Atty., and C. S. Briggs and A. M. Harvey, Asst. U. S. Attys., all of Topeka, Kan., for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, Circuit Judge. The petitioner, Julius W. Hopkins, was indicted by the grand jury of the District Court of the United States for the Northern District of Ohio, Eastern Division; the indictment being in eight counts. He plead guilty to the second count, which was as follows:

"And the grand jurors aforesaid, upon their oath aforesaid, do further find and present that the said Julius W. Hopkins heretofore, to wit, on February 9, 1910, at Cleveland, in the county of Cuyahoga, in the division and district aforesaid, and within the jurisdiction of this court, being then and there teller of a banking association organized and existing under and by virtue of the laws of the said United States, to wit, the First National Bank of Cleveland, did by virtue of his said office as teller, and while he was employed therein, have in his possession and custody divers notes of the national bank currency of the said United States to the amount and value of $3,100 of the moneys and funds of the said banking association; and the said Julius W. Hopkins, then and there having in his possession, as teller of said National Bank association, the said moneys of said association, then and there unlawfully, knowingly, and feloniously did embezzle and abstract from the said banking association the said sum of $3,100 in national bank notes, as aforesaid. with intent to injure and defraud the said banking association, contrary to the form of the statute of the United States in such case made and provided, and against the peace and dignity of the United States."

He was ordered imprisoned in the United States penitentiary at Leavenworth, Kan., for a period of seven years. This habeas corpus proceeding was instituted before the United States District Court of Kansas and resulted in his being remanded, and he appeals to this court.

It is contended that the second count of the indictment above set out was defective in that: (1) It did not allege that such funds were in the hands of the petitioner and under his control. (2) It did not appear that the funds were withdrawn by the accused without the knowledge or consent of the association and converted to the use of petitioner or any one other than the association with the intent to injure and defraud the association.

[1] Without intimating that the indictment was in any wise defective, it must be remembered that this is a collateral rather than a direct attack. In re Frederich, 149 U. S. 70, 13 Sup. Ct. 793, 37 L. Ed. 653; Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631. No objection was ever made to the indictment in any way in the District Court for the Northern District of Ohio, Eastern Division, when it was returned, the petitioner arraigned, pleaded guilty, and was sentenced. The indictment is first assailed on this collateral attack.

The first portion of Revised Statutes, § 5209 (U. S. Comp. St. 1901, p. 3497), contemplates and includes three distinct offenses: First, the embezzlement; second, the abstraction; and, third, the willful misapplication of the money, funds, or credits of the association. The count here in question charges two of these offenses, namely, that the petitioner did embezzle and abstract the funds in question. If the charge of abstracting the funds be regarded as surplusage, the indictment was probably sufficient as one for embezzlement.

In United States v. Harper (C. C.) 33 Fed. 472, cited by the peti-

tioner, Judge Jackson, afterwards on the Supreme Court of the United States, well points out the distinction between embezzlement and abstraction as used in this statute, as well as the essential elements of embezzlement, and they are all present in this indictment, but, were it otherwise it would not follow that the petitioner was entitled to any relief in this proceeding.

As distinction is sometimes made by the federal courts on habeas corpus between one who has been convicted in the state courts and one who has been convicted in the federal courts, we shall, without conceding that others are not in point, content ourselves with citing only cases where it has been sought to discharge one convicted in the federal court. If the District Court for the Northern District of Ohio, Eastern Division, had jurisdiction of the petitioner and of the offense for which he was tried and did not exceed its powers in the sentence which it pronounced, this court can proceed no further.

[2] It is not denied that the charge of embezzlement from the First National Bank of Cleveland was within the territorial jurisdiction of that court, and it had the petitioner in its custody upon that charge and was authorized to sentence him for not less than five years and not more than ten. It is true that in passing upon such cases the Supreme Court has often commented on its lack of jurisdiction of appeals in criminal cases, but it must be borne in mind that it has always laid stress upon the fact that a habeas corpus proceeding is collateral, and that the court cannot do in a collateral proceeding what it could not do on direct attack, but it has always assigned other reasons why the writ cannot be used to bring up mere defects in the indictment. Ex parte Watkins, 3 Pet. 191, 7 L. Ed. 650; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787.

In Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274, the court said:

"Whether the indictment sets forth, in comprehensive terms, the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law which must necessarily be decided by the court in which the case originates, and is therefore clearly within its jurisdiction. Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but, if so, it is an error of law, made by a court acting within its jurisdiction, which could be corrected on a writ of error if such writ was allowed, but which cannot be looked into on a writ of habeas corpus limited to an inquiry into the existence of jurisdiction on the part of that court."

In Re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274, the court said:

"In all such cases, when the question of jurisdiction is raised, the point to be decided is whether the court has jurisdiction of that class of offenses. If the statute has invested the court, which tried the prisoner, with jurisdiction to punish a well-defined class of offenses, as forgery of its bonds or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of habeas corpus."

In Dimmick v. Tompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110, the court said:

"It is also objected that the facts charged in either the first or fourth count of the indictment did not constitute any offense under the statute, and that

the sentence was therefore without jurisdiction. We are not by any means prepared to adjudge that the indictment did not properly charge an offense in both the first and fourth counts. See Dimmick v. United States, 116 Fed. 825 [54 C. C. A. 329], involving this indictment, where it is set forth. It is not, however, necessary in this case to decide the point, for the indictment charged enough to show the general character of the crime, and that it was within the jurisdiction of the court to try and to punish for the offense sought to be set forth in the indictment. If it erroneously held that the indictment was sufficient to charge the offense, the decision was within the jurisdiction of the court to make, and could not be re-examined on habeas corpus. The writ cannot be made to do the office of a writ of error. Even though there were, therefore, a lack of technical precision in the indictment in failing to charge with sufficient certainty and fullness some particular fact, the holding by the trial court that the indictment was sufficient would be simply an error of law, and not one which could be re-examined on habeas corpus."

See Hyde v. Shine, 199 U. S. 62, 83, 84, 25 Sup. Ct. 760, 50 L. Ed. 90. Other questions have been raised but they have been determined adversely to the petitioner in O'Brien v. McClaughry, 209 Fed. 816, 126 C. C. A. 540, decided by this court. The judgment of the District Court must therefore stand.

Affirmed.