## FIDELITY STORAGE CO. v. URICE et al.

(Court of Appeals of District of Columbia. Submitted March 2, 1926. Decided April 5, 1926.)

No. 4342.

1. Judgment ⏁444, 512—Bill to set aside judgment alleged to have been obtained by false and perjured testimony held properly dismissed, as judgment of court of competent jurisdiction is not subject to collateral attack, or issues retriable in equity.

Bill, in suit to set aside judgment for damages suffered in consequence of plaintiff's negligence as landlord in caring for rented premises, alleging diligence in preparing for trial, but that plaintiff was not then able to procure attendance of witnesses, made necessary by false, fraudulent, perjured testimony, but that it was now able to prove that such testimony was false and perjured, and that judgment should be vacated, *held* properly dismissed; judgment entered by court of competent jurisdiction not being subject to collateral attack, or issues retriable in equity.

2. Judgment ⏁443(1).

Fraud, for which courts of equity will set aside and annul judgment at law, must be extrinsic or collateral.

3. Judgment ⏁444.

False and perjured testimony, introduced by prevailing party relative to issue on trial, does not afford ground for equitable relief in action to set aside judgment.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Fidelity Storage Company against Frank A. Urice and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

C. H. Merillat, of Washington, D. C., for appellant.

M. M. Doyle and F. A. Thuee, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The appellant, the Fidelity Storage Company, brought suit in the lower court against Frank A. Urice and Nellie C. Urice, praying for an in-

junction to perpetually restrain them from issuing a writ of execution or taking any other proceedings for the collection of certain judgments at law in the aggregate sum of $1,000, obtained by them against appellant in an action concluded in the municipal court of the District of Columbia, and that the judgments aforesaid be vacated and set aside, because "said judgments are inequitable and unjust, and were obtained by means of surprise practiced on plaintiff, of imposition on the municipal court and jury, and of false, fraudulent, and perjured evidence." The lower court dismissed the bill for want of substance, and this appeal presents the question whether the bill upon its face shows a right to equitable relief.

The bill recites that the judgments in question were rendered by the Municipal Court in an action brought by appellees to recover damages for injuries alleged to have been suffered by them in consequence of appellant's negligence as their landlord in caring for the rented premises; that after the rendition of the judgments appellant filed a motion for a new trial, and later filed a motion to vacate the judgments, both of which were overruled by the trial court, and also applied to a justice of the Court of Appeals for a writ of error to the municipal court, which was denied. Appellant avers that it exercised due diligence in preparing for the trial of the action in the municipal court, in order to meet the issues presented by the pleadings, but was not then able to procure the attendance of certain witnesses made necessary by the false, fraudulent, and perjured testimony introduced by appellees at the trial, but that because of diligent investigations since made it is now able to meet and overcome the same by clear, strong, and convincing evidence, and to prove to the satisfaction of the court that the testimony of appellees given at the trial in many material circumstances was false and perjured, and that in equity and justice the judgments aforesaid should be vacated and set aside. The testimony thus denounced is recited in the bill, and affidavits were filed therewith in support of appellant's charges.

[1] We think the lower court was right in dismissing the bill. The controversy between the parties was tried in a court having jurisdiction over both the subject-matter and the litigants, and the parties then had their day in court. The credibility of the witnesses and the probative force and effect of their testimony were then considered and passed upon by the court and jury. The judgments thereupon entered are not subject to collateral attack, nor can the defeated party obtain a retrial of the same issue in a court of equity upon the ground that false and perjured testimony relative to the issue was introduced at the trial. Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929. Otherwise, the same controversy between the same parties might continue indefinitely to be tried in successive cases in different courts, even in different territorial jurisdictions.

"The doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. * * * There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely, 'Interest reipublicæ, ut sit finis litium,' and 'Nemo debet bis vexari pro una et eadam causa.'" United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93.

[2] We have not overlooked the doctrine that courts of equity possess authority to set aside and annul judgments at law rendered between the same parties by courts of competent jurisdiction for fraud, but the fraud in such case must be extrinsic or collateral. For example: "Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side." United States v. Throckmorton, supra.

[3] False and perjured testimony introduced by the prevailing party relative to the issue on trial does not afford ground for such relief in equity, for "in any case, to justify setting aside a decree for fraud, whether extrinsic or intrinsic, it must appear that the fraud charged really prevented the party complaining from making a full and fair defense." Chief Justice Taft in Toledo Scale Co. v. Computing Scale Co., 261 U. S. 421, 43 S. Ct. 464 (67 L. Ed. 719). "Mere false testimony, or forged documents, are not enough if the disputed matter has been actu-

ally presented to and considered by the tribunal." Mr. Justice Field, in Moffat v. United States, 112 U. S. 32, 5 S. Ct. 14 (28 L. Ed. 623). "The reason of this rule is that there must be an end to litigation, when parties have once submitted a matter." Pico v. Cohn, 91 Cal. 129, 25 P. 970, 27 P. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159. See Gotzhausen v. Kerting (C. C.) 29 F. 821; Ritchie v. McMullen, 79 F. 522, 25 C. C. A. 50; United States v. Gleeson, 90 F. 778, 33 C. C. A. 272; Scotten v. Rosenblum (D. C.) 231 F. 357; Toledo Scale Co. v. Computing Scale Co. (C. C. A.) 281 F. 488, 494.

The appellant cites many authorities in support of its position, with special stress upon Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870. We think, however, that the decision in that case was not intended to modify the doctrine of the Throckmorton Case, supra, as herein applied. Nelson v. Meehan, 155 F. 1, 7, 83 C. C. A. 597, 12 L. R. A. (N. S.) 374. The other citations do not defeat the rule above followed.

The decree of the lower court is affirmed, with costs.