## WONG WEY v. JOHNSON, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2138.

**1. Habeas corpus ⚮⟶59—On presentation of habeas corpus petition, federal District Court must determine whether allegations justify exercise of federal authority (28 USCA § 455).**

On presentation of petition for habeas corpus, federal District Court before whom petition is presented must determine whether allegations are such as to justify exercise of federal authority, under Rev. St. § 755 (28 USCA § 455; Comp. St. § 1283).

**2. Habeas corpus ⚮⟶92(1)—On return of habeas corpus writ granted alleged alien, preliminary question for court was whether petitioner had fair hearing before immigration authorities.**

On return of writ of habeas corpus granted alleged alien, seeking admission into the United States, preliminary question for court's determination was whether petitioner had been accorded fair hearing by immigration authorities.

**3. Habeas corpus ⚮⟶92(1)—Where court decided alleged alien seeking habeas corpus had fair hearing before immigration authorities, refusal to hear petitioner's testimony was not error (28 USCA § 455).**

Where, after issuance of writ of habeas corpus under Rev. St. § 755 (28 USCA § 455; Comp. St. § 1283), and return of the Commissioner of Immigration, court decided that petitioner, claimed to be alien and seeking admission into the United States, had fair hearing before immigration authorities, court had no authority to proceed to hear case on merits, and refusal to hear petitioner's testimony was not error.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

On petition for rehearing. Petition denied.

For original opinion, see 21 F.(2d) 963.

Joseph F. O'Connell, of Boston, Mass. (James F. Meagher, of Boston, Mass, on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The appellant has filed a petition for rehearing in the above case, alleging that the court erred in its statement of facts shown by the record.

The petition alleges "that the District Judge ordered a writ of habeas corpus to

issue after a full hearing had been held before him on the question of the unfairness of the proceedings before the immigration authorities."

The record does not disclose that there was a full hearing before the District Judge upon the presentation of the petition. It does disclose that the petition was allowed upon the same day that it was presented and the writ ordered to issue in accordance with Revised Statutes, § 755 (Comp. St. 1916, § 1283; 28 USCA § 455), which is as follows:

"The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, *unless it appears from the petition itself that the party is not entitled thereto.* The writ shall be directed to the person in whose custody the party is detained."

[1-3] Upon the presentation of the petition it was the duty of the District Court to determine whether the allegations in the petition were such as to justify the exercise of federal authority. Upon return of the writ the first question to be determined by the court was whether the petitioner had been accorded a fair hearing by the immigration authorities, and until this had been determined there could be no hearing upon the merits.

It is evident from the record that the District Judge decided that the petitioner had had a fair hearing, and that therefore he could not proceed to hear the case upon its merits, and committed no error in refusing to hear the testimony offered by the petitioner.

The petition is denied.