## Ex parte LYNCH.
### No. 538.

District Court, N. D. Indiana, South Bend Division.

April 6, 1937.

T. Ernest Maholm, of Indianapolis, Ind., for petitioner.

Omer Stokes Jackson, Atty. Gen., of Indiana, and Urban C. Stover, Deputy Atty. Gen., for respondents.

SLICK, District Judge.

Petitioner brings this suit on his verified petition for writ of habeas corpus alleging that he is unlawfully restrained of his liberty by respondent, Louis E. Kunkel, warden of the Indiana State Prison at Michigan City, Ind. He alleges that his commitment to the warden was on a void judgment issued out of the Gibson circuit court, Gibson county, Ind., in that the committing court was without jurisdiction in the case for the reason that the indictment returned against petitioner in the Gibson circuit court was returned by six persons purporting to constitute a grand jury; that the members of said purported grand jury had been unlawfully selected by two persons, to wit, Milton J. Woods and Oscar M. Gilbert, who purported to act as jury commissioners, but who in truth and in fact were not jury commissioners for the reason that they had failed and refused to take the oaths as prescribed and required by the Constitutions of the United States and of the state of Indiana; that therefore the acts of said jury commissioners in selecting said grand jury were void, and the act of the grand jury in returning the indictment was void, and the trial of the cause in the Gibson circuit court was void for want of jurisdiction.

It appears in the petition filed that petitioner in October, 1936, filed a similar petition for writ of habeas corpus in the LaPorte circuit court, LaPorte county, Ind.; that thereafter the venue of said cause was changed to the Starke circuit court at Knox, Starke county, Ind.; and that thereafter a motion to quash the petition was sustained by the judge of the Starke circuit court.

The petition in this cause was filed on January 21, 1937.

Several novel questions have been presented and argued at length. The Constitution of the United States, article 6, clause 3, reads as follows:

"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."

The question then naturally arises whether a jury commissioner in the state of Indiana is a judicial officer. He certainly is not an executive officer. It has been held in Indiana that jury commissioners are public officers and that the laws concerning de facto officers apply to their official acts. It would seem then that if they are held to be public officers, that

their act in drawing a grand jury should be governed by the rules of law relating to de facto officers, and that their failure to take an oath to support the Constitution is an irregularity that should have been taken advantage of on appeal to the Appellate or Supreme Court of the state of Indiana. I do not deem it necessary, however, to decide this question.

The case of Salinger v. United States, 265 U.S. 224, 44 S.Ct. 519, 521, 68 L.Ed. 989, seems to be very illuminating. The federal statute directs that the court in habeas corpus proceedings shall "dispose of the party as law and justice require." This seems to give the District Court the power to exercise its judicial discretion, guided, of course, by whatever may have a bearing on the case. This decision says, "Among the matters which may be considered, and even given controlling weight, are (a) the existence of another remedy, such as a right in ordinary course to an appellate review in the criminal case; and (b) a prior refusal to discharge on a like application."

Here we have both. The petitioner, the defendant in the Gibson circuit court, had the right to appeal his case for the error or irregularity of the Gibson circuit court, and he brought a similar suit for a writ of habeas corpus in a state court of competent jurisdiction and lost.

■ Writs of habeas corpus will not issue as a matter of course and should be cautiously used by the federal courts in reference to state prisoners. Ex parte Frederich, 149 U.S. 70, 13 S.Ct. 793, 37 L. Ed. 653.

■ It is as much the duty of the state court to enforce the provisions of the Constitution of the United States as of the federal courts. The judges in both courts are required to take an oath to support the Constitution of the United States. This court must presume that the judges of the several state courts will be as jealous of the constitutional rights of the accused as the federal courts.

■ If petitioner's application for a writ of habeas corpus was erroneously refused by the Starke circuit court, he has his right of appeal to the Supreme Court of the state, and if the Supreme Court should deny his appeal, he still has his right to appeal to the Supreme Court of the United States. This would seem to be sufficient to prevent a denial of petitioner's constitutional rights.

For the reasons above stated, the petition for writ of habeas corpus is discharged and the petitioner is remanded to the custody of respondent, Louis E. Kunkel, *warden of the Indiana State Prison at Michigan City, Ind.*