## HODGE v. HUFF.

### No. 8541.

United States Court of Appeals
District of Columbia.

Decided Feb. 7, 1944.

Mr. Roger Robb (appointed by this Court), of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before MILLER, EDGERTON, and DOBIE,* JJ.

MILLER, J.

For the second time in as many months we are impelled to commend assigned

---

* Sitting by assignment of the Chief Justice of the United States, pursuant to the provisions of the Act of December 29, 1942, 28 U.S.C.A. § 17 et seq., entitled "An Act to amend the Judicial Code to authorize the Chief Justice of the United States to assign circuit judges to temporary duty in circuits other than their own." 56 Stat. 1094.

counsel for exerting his best professional efforts in behalf of an indigent prisoner.[1] In spite of that fact, however, we have concluded that the order of the District Court denying a petition for writ of habeas corpus should be affirmed.[2]

Appellant was convicted, in the District Court, of the crime of incest committed upon his daughter. He was represented in the trial court by a resourceful and experienced lawyer who also represented him on his appeal to this court, where the judgment of conviction was sustained. In his petition for a writ of habeas corpus appellant alleged that his conviction was due to perjured testimony. He alleged, further, that vital and important evidence which was not available to him at the time of trial had come, recently, into his possession. He requested that an attorney be appointed to represent him and he filed with his petition a pauper's oath. The District Judge entered an order that the petition be filed without payment of costs and denied the writ. We appointed Mr. Robb to represent the prisoner on this appeal.

█ Under such circumstances the better practice would have been for the judge to appoint an attorney and direct him to investigate the allegations of the petition. This may still be done if counsel concludes upon investigation that a new petition should be filed. But we cannot say, upon the present record, that the judge erred in failing to follow the practice indicated. The applicable statute [3] provides that the judge to whom a petition is made "shall forthwith award a writ of habeas corpus, *unless it appears from the petition itself that the party is not entitled thereto.*" [4] [Italics supplied]

█ The effect of appellant's petition was to challenge the determination made by judge and jury upon his trial. It sought, in fact, a retrial and a redetermination of the competency, weight and sufficiency of the evidence upon which he was convicted. This is not the ordinary or proper function of the writ of habeas corpus.[5] The law aims to invest judicial determinations with the utmost permanency consistent with justice. That the formal pronouncements of legal tribunals shall enjoy every possible degree of finality and conclusiveness is a necessary predicate to the proper functioning of courts. To permit their decisions to be evaded for insufficient cause would tend to disrupt the administration of justice and bring courts into disrepute. Sound policy demands that judgments shall not be treated lightly nor easily overthrown.[6] Firmly established principles of law, developed to effectuate this fundamental policy, allow courts to sustain collateral attacks only when the objections to the judgment are such as to render it not merely erroneous but void.[7]

█ Counsel perhaps overstates the allegations of the petition in suggesting that they represented the evidence upon which appellant was convicted to be "wholly perjured." The pertinent allegation was

---

1 See Canons of Professional Ethics (1943) adopted by the American Bar Association: "4. * * * A lawyer assigned as counsel for an indigent prisoner ought not to ask to be excused for any trivial reason, and should always *exert his best efforts in his behalf.*" [Italics supplied]

2 Goto v. Lane, 265 U.S. 393, 401, 44 S. Ct. 525, 68 L.Ed. 1070; United States v. Sing Tuck, 194 U.S. 161, 170, 24 S.Ct. 621, 48 L.Ed. 917. See American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F. 2d 613, 617; Holiday v. Johnston, 313 U.S. 342, 350, 550, 61 S.Ct. 1015, 85 L. Ed. 1392.

3 28 U.S.C.A. § 455.

4 Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830: "* * * if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it."; Mothershead v. King, 8 Cir., 112 F.2d 1004; Wong Wey v. Johnson, 1 Cir., 23 F.2d 326, certiorari denied 277 U.S. 592, 48 S.

Ct. 528, 72 L.Ed. 1004; McCord v. Page, 5 Cir., 124 F.2d 68; Albori v. United States, 9 Cir., 67 F.2d 4, 6: See American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 617.

5 Harlan v. McGourin, 218 U.S. 442, 448, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; United States v. Pridgeon, 153 U. S. 48, 63, 14 S.Ct. 746, 38 L.Ed. 631; In re Frederich, 149 U.S. 70, 76, 13 S.Ct. 793, 37 L.Ed. 653.

6 1 Freeman, Judgments (5th ed. 1925) § 305.

7 A petition for habeas corpus constitutes a collateral attack upon the judgment upon which the commitment issued. In re Frederich, 149 U.S. 70, 76, 13 S.Ct. 793, 37 L.Ed. 653; Goto v. Lane, 265 U.S. 393, 401, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Harlan v. McGourin, 218 U.S. 442, 447, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Hopkins v. McClaughry, 8 Cir., 209 F. 821, 822.

that his conviction was *"entirely due* to perjury testimony of prosecution and complaining witness." [Italics supplied] The complaining witness was appellant's daughter. In addition to her testimony the Government · produced a witness who viewed the crime from an adjoining room through a crack in the wall. Except for the very general allegation of a conclusion—"perjury testimony of prosecution"—there is no attack upon the testimony of the latter witness. Such conclusions are not sufficient to support a petition for issuance of a writ of habeas corpus.[8]

The petition was properly dismissed for the further reason that perjury does not ordinarily render a judgment void. Authority is in almost universal accord that a judgment cannot be set aside in a collateral proceeding upon the ground of perjury[9] unless the false testimony is so entwined with other circumstances as to deprive the proceeding of its character as due process of law.[10] The reason for this rule is that there must be an end to litigation, when parties have once submitted a matter and it has been considered by the · tribunal to which submitted.[11] Appellant relies upon the case of Jones v. Kentucky.[12] In that case, unlike the present, the prisoner, under sentence of death, made representations⸴ which demonstrated that he had been convicted upon perjured testimony; the prosecution confessed error; the door of executive clemency had been closed; on his trial the court had denied, to the prisoner, the right to assistance of counsel, which right if granted might have revealed the perjured character of the testimony. This is a good example of a hard case which sometimes produces bad law. But whether or not that decision was proper upon its facts, it finds no counterpart in the present case. Here, when the prisoner was on trial, he was represented by experienced counsel, and the judge had full opportunity to observe the witnesses who testified for and against him. Their testimony was subjected to cross-examination and the prisoner, testifying in his own defense, not only sharply denied the truth of the evidence given against him but testified to an alibi and offered supporting testimony thereof; as well as of his good character. Moreover, he testified that he had been having trouble with his daughter—the complaining witness—"staying out and going around with young men." While, therefore, the issue of perjury was not presented, in express terms, at the trial it was, nevertheless, implicit in the issue of appellant's guilt or innocence;[13] in fact, it must have been dominant in the minds of judge and jury. Generally, newly discovered evidence which is merely impeaching in character does not warrant the granting of a new trial.[14] This is even more true where the application is for a writ of habeas corpus. That writ "may be resorted to only where the judgment is void because the court was without jurisdiction to render it * * *"; not "as a writ of error to correct an erroneous judgment of conviction of crime."[15]

As the Supreme Court has said in Berger v. United States:[16] "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer." The judges of our trial courts are well acquainted with the representatives of the United States Attorney who practice before them. They are in by far the best position to judge of the weight which should be given to such

8 Osborne v. Johnston, 9 Cir., 120 F.2d 947, 948, and cases there collected.

9 Springstein v. Saunders, 182 Iowa 658, 164 N.W. 622, L.R.A.1918F, 1076; United States v. Throckmorton, 98 U.S. 61, 66, 25 L.Ed. 93; Fidelity Storage Co. v. Urice, 56 App.D.C. 202, 203, 12 F.2d 143, 144. See Notes: 10 L.R.A.,N.S., 216, 242, 23 L.R.A.,N.S., 564, 25 L.R.A.,N.S., 574, L.R.A.1916B, 890.

10 Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

11 Fidelity Storage Co. v. Urice, 56 App. D.C. 202, 204, 12 F.2d 143, 145.

12 6 Cir., 97 F.2d 335.

13 Fidelity Storage Co. v. Urice, 56 App. D.C. 202, 203, 12 F.2d 143, 144.

14 Long v. United States, 10 Cir., 139 F.2d 652, citing Evans v. United States, 10 Cir., 122 F.2d 461, certiorari denied 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558.

15 McNally v. Hill, 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238.

16 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314.

indirect attacks as that of the present petition upon "perjury testimony of prosecution." There is nothing in the record to support or even to suggest bad motive, or misconduct upon the part of the prosecution. On the contrary, there has been overwhelming evidence of fair and proper conduct both in the trial court and in this court. Consequently, the Mooney case,[17] cited by appellant, has no relevancy to the present case. Unlike that case there is, here, no showing of lack of due process, or of anything, in fact, except the not unusual desire of a convicted man to have another trial based upon a denunciation of those who testified against him; coupled with a promise to produce "a certain document which was not available at time of trial and which will prove that his contentions herein are true."

So far as concerns appellant's contention that the court erred in failing to appoint counsel to represent him, it is clear, we think, that the constitutional provision for assistance of counsel,[18] does not apply to the exercise of a judge's discretion in passing upon the sufficiency of a petition for issuance of a writ of habeas corpus.[19] The present proceeding is no part of a criminal prosecution. An accused, deprived of counsel at any stage of criminal proceedings up to and including final disposition of his case on appeal, may be irreparably harmed. Whatever rights he may have, which are subject to protection by habeas corpus proceedings, may be revived by repeated applications for issuance of a writ.[20] Neither the language of the Sixth Amendment nor of the judicial gloss "at every step of the proceedings" [21] requires the appointment of counsel to represent a prisoner in such a matter, pending before a judge in chambers, long after the trial has been completed and the appeal determined.[22]

Affirmed.

---

[17] 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

[18] U.S.Const.Amend Art. VI: "* * * to have the Assistance of Counsel for his defence."

[19] Brown v. Johnston, 9 Cir., 91 F.2d 370, 372, certiorari denied 302 U.S. 728, 58 S.Ct. 58, 82 L.Ed. 563.

[20] See Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 240–241, 44 S.Ct. 524, 68 L.Ed. 999.

[21] Edwards v. United States, — U.S. App.D.C. —, 139 F.2d 365, 367, n. 4, and cases there cited.

[22] Powell v. Alabama, 287 U.S. 45, 69,

53 S.Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527: "He requires the guiding hand of counsel at every step in the proceedings *against him*. Without it, though he be not guilty, *he faces the danger of conviction* because he does not know how to establish his innocence." [Italics supplied] Ex parte Chin Loy You, D.C.D.Mass., 223 F. 833, 838; Brown v. Johnston, 9 Cir., 91 F.2d 370, 372. Cf. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, 762, certiorari denied 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522; Christianson v. Zerbst, 10 Cir., 89 F.2d 40, 43; Foster v. Biddle, 8 Cir., 14 F.2d 280, 281; McCord v. Page, 5 Cir., 124 F.2d 68, 69.