# FIDELITY STORAGE CORPORATION *v.* MAGUIRE.

---

PLEADING; DETINUE; STIPULATIONS AND AMENDMENTS; VERDICT.

1. A declaration in detinue is not subject to the objection that it fails to allege detention, and does not demand the return of the chattels, where it was stipulated by the parties that it should be considered and defended as a declaration in detinue, and the plaintiff amended by claiming the return of the chattels or their value.

2. A verdict for a gross sum in detinue is not objectionable as failing
   to specify the chattels and the separate value of each, when rendered
   in pursuance of express stipulation of the parties.

No. 2570.   Submitted November 7, 1913.   Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, on verdict, in
an action for the return of goods delivered by plaintiff to de-
fendant, or their value.                          *Affirmed.*

The facts are stated in the opinion.

*Mr. James S. Easby-Smith* and *Mr. Ralph B. Fleharty* for
the appellant.

*Mr. Louis L. Hamby* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This action was brought by Anna E. J. Maguire against the
Fidelity Storage Corporation. The declaration is in two counts.
The first claims $859.85 for goods sold and delivered; the
second charges the delivery of certain goods to defendant in
pledge, the payment of the indebtedness, demand for return
of the goods, refusal, etc. A list of the goods is attached as a
bill of particulars, stating the value of each item, making a total
valuation of $859.85. The count concludes: "Wherefore the
plaintiff claims the return of said goods or the value thereof,
namely $859.85, with interest thereon from the 31st day of
March, 1909."

Defendant filed three pleas of the general issue. It later with-
drew its plea to the second count, and moved to strike out the
said count, which motion was overruled. Trial by jury resulted
in a verdict for the defendant on the first count, and for plain-
tiff on the second, for the sum of $250.

Defendant moved in arrest of judgment on several grounds,

among which are that the second count was bad in substance and form as a count in detinue, neither alleging detention of chattels, nor claiming the return thereof, but claiming damages only. The verdict does not specify the chattels, or the separate value of each, but is for a sum of money in the aggregate. The minutes of the court recite the following stipulations and agreements of the parties, in substance: On the hearing of the motion to strike out, it was agreed that the second count shall be considered and defended as an action of detinue, and plaintiff amended by striking out the last paragraph of the count, substituting therefor the following words: "Whereupon the plaintiff claims the return of said goods and chattels, or the value thereof as aforesaid." On the trial it was further stipulated that the court should charge the jury that if they find that defendant had wrongfully detained the goods, they should return a money verdict in favor of plaintiff, "it having been shown by the evidence, and admitted by counsel for the defendant, to be impossible for the defendant to return any of the said goods and chattels." Having recited these proceedings and stipulations, the court overruled the motion and entered judgment on the verdict.

Defects, if any, in the allegations of the second count were entirely cured by the stipulation and amendment.

The informal character of the verdict was also cured by the stipulation which it followed.

There is no foundation for the errors assigned, and the judgment is affirmed, with costs.          *Affirmed.*