## PARKS et al. v. CALVERT.

(Court of Appeals of District of Columbia. Submitted October, 5, 1926. Decided November 1, 1926.)

No. 4458.

**1. Judgment ⬅570(6).**

Party to former proceedings, in contest of will dismissed by consent, *held* foreclosed from again presenting the same claims.

**2. Wills ⬅229.**

Legatee in former will, superseded by will which was in turn superseded by will offered for probate, has no such interest in estate as would authorize her contesting probate.

**3. Wills ⬅261.**

Petition, almost year subsequent to date of final decree of distribution, attacking order entered more than two years earlier, probating will, alleging attesting witnesses to will failed to appear and testify, *held* barred by laches.

**4. Evidence ⬅43(2).**

Court could take notice of its own record in same proceedings, that decree of final distribution, when not appealed from, imported verity, and effectually negatived claim that attesting witnesses to will failed to testify as required by law.

Appeal from the Supreme Court of the District of Columbia.

Petition by Mazella Parks and another against George H. Calvert, Jr., for revocation of an order admitting a certain paper to probate as the last will and testament of Cora T. Heider, deceased. From an order dismissing the petition petitioners appeal. Affirmed.

J. A. Burns, of Washington, D. C., for appellants.

R. S. Hume and E. C. Brandenburg, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the lower court sitting as a probate court dismissing a petition filed by appellants for a revocation of a former order admitting a certain paper writing to probate and record as the valid last will and testament of Cora T. Heider, deceased.

It appears from the record that on January 19, 1923, a petition was filed by George H. Calvert, Jr., for the admission to probate and record of a certain written instrument then produced and filed bearing date of May 4, 1920, and purporting to be the last will and testament of Cora T. Heider, deceased. In the instrument the petitioner was named as sole executor. It was stated by petitioner that the decedent was a widow who left as her sole next of kin and heirs at law three nieces and one nephew, all adults and residents of the District of Columbia, namely, Walter J. Hines, Alberta Sauter, Ethel Beck, and Marie Hines Wolfe, whereupon citations in due form were issued and served upon them by the marshal. On February 1st, following, the will was regularly admitted to probate and record by the court, and letters testamentary were issued to the executor who immediately qualified.

Thereupon the next of kin aforesaid filed a caveat charging that the signature of decedent upon the instrument had been procured by fraud, deceit, and undue influence, and moreover that the decedent was at the time mentally incapable of making a will. Issues were accordingly framed for the submission of these questions to trial by jury. On June 15, 1923, the cause came on for trial upon the issues, whereupon the caveators in open court consented that the court should dismiss the caveat, which was then done, and judgment for costs was rendered against them.

About a year later the same parties filed a second caveat against the will, containing similar charges of fraud, undue influence, and mental incapacity. This caveat was afterwards dismissed by the court upon the ground that the dismissal of the first caveat foreclosed the same parties from filing the second one. No appeal was taken from this order.

Afterwards on September 9, 1925, the present petition was filed in the same probate

proceedings in the lower court by the appellants, Lulu Marie Wolfe and Mazella Parks, praying that the order of February 2, 1923, probating the will, should be revoked upon the ground that the attesting witnesses to the will, although they were within the jurisdiction of the probate court, did not appear in court to prove the will as required by law. It was also alleged that the petitioner Lulu Marie Wolfe was one of the next of kin and heirs at law of the decedent, and that petitioner Mazella Parks was a legatee under a purported will of decedent prior in date to the probated will, and that neither was served with process or citation in the probate proceeding as required by law.

The record discloses, however, that said Lulu Marie Wolfe was served with a citation as one of the heirs of decedent under the name of Marie Hines Wolfe, and that she thereupon joined in the two caveats aforesaid under the name of L. Marie Wolfe. It also appears that whereas said Mazella Parks was named as a legatee in a former will executed by the decedent, that will was superseded first by another will not offered for probate, and this in turn was superseded by the will of May 4, 1920, which is the one admitted to probate in these proceedings.

The lower court, on motion of the executor, dismissed the petition of the appellants, and the present appeal was taken from that order.

[1, 2] We may say without extended discussion that in our opinion the order appealed from was plainly right. The petitioners seek to revive the same issues as those disposed of by the probate court in the former orders, one of which was entered by consent of the parties, and the other adjudged by the court, with no appeal taken therefrom. Appellant L. Marie Wolfe was a party to those proceedings, and was foreclosed from again presenting the same claims. The other appellant, Mazella Parks, clearly has no legal interest in the estate. Moreover, the record discloses that, after the voluntary dismissal of the first caveat on April 17, 1923, the executor proceeded under successive orders of the court to discharge the duties imposed upon him by the will, and that on October 23, 1924, a final decree was entered by the court, settling the estate and directing final distribution to be made according to the provisions of the will. No appeal was taken from this decree.

[3, 4] The present petition accordingly was filed almost a year subsequent to the date of this final decree, and attacks an order entered more than two years earlier probating the will, upon the claim that the attesting witnesses then failed to appear in open court to testify as required by law. It is clear that the petitioners were barred by laches from making this claim at so late a date, and furthermore the court was entitled to take notice of its own record in the same proceedings. That record, when not appealed from, imported verity, and effectually negatived the claim of the petition.

The order of the lower court is affirmed, with costs.