**NAGLE, Commissioner of Immigration, v. TOY YOUNG QUEN.**

Circuit Court of Appeals, Ninth Circuit.
October 24, 1927.

No. 5106.

Aliens ⊂⊃28—Contradictory statements in returning Chinese laborer's affidavit for overtime certificate and at hearing held to justify denial of readmission (Chinese Exclusion Act 1888, § 7 [8 USCA § 277]).

Where affidavit on which overtime certificate was granted by consul in China to Chinese person seeking readmission to the United States on laborer's return certificate issued under Chinese Exclusion Act 1888, § 7 (8 USCA § 277), after the one year's absence permitted by statute expired, but within less than two years after he had departed, stated that he was a merchant and that failure to return within the year was due to illness of his mother, which caused delay in his marriage, but in his testimony before immigration authorities he stated that delay in returning was caused by mother's illness and denied that he had stated that he was a merchant, *held*, that denial of his application for readmission was justified.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Habeas corpus proceeding by Toy Young Quen against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco, Cal. Petitioner discharged, and the Commissioner appeals. Reversed, with directions.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

George A. McGowan, of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

HUNT, Circuit Judge. This is an appeal by the Commissioner of Immigration from an order of the District Court discharging Toy Young Quen, appellee, in a habeas corpus proceeding.

In his petition the appellee set up that the action of the Board of Special Inquiry and of the Secretary of Labor in denying readmission was in excess of authority; that petitioner applied for an overtime certificate within ample time to have permitted him to have returned to the United States before the expiration of the second year period, and that the counsel at Hong Kong was misinstructed by the State Department, which advised that the consul might determine the facts and dispose of the application for an overtime certificate; that by reason of an infringement of his statutory right by the consul at Hong Kong, an overtime certificate was not issued; that afterward the consul was instructed with respect to his duty to investigate the facts and report them in a certificate; that the consul issued a certificate for the use of petitioner, and that petitioner arrived in the United States while the overtime certificate was in effect, and before the statutory limit of two years had expired; that he was prevented from returning within the period of one year because of the serious illness of his mother and his own subsequent marriage, and the refusal of the consulate at Hong Kong to issue a laborer's overtime certificate.

The statute involved, section 7, Act Sept. 13, 1888 (25 Stat. 476 [8 USCA § 277]), provides that a Chinese person leaving the United States and returning shall apply to the Chinese inspector in his district at least one month prior to his departure, giving certain facts which shall furnish proof entitling

him to return. The inspector shall decide, after hearing proof and investigating the circumstances, whether certificate of return shall issue. "The right to return under the said certificate shall be limited to one year; but it may be extended for an additional period, not to exceed a year, in cases where, by reason of sickness or other cause of disability beyond his control, the holder thereof shall be rendered unable sooner to return, which facts shall be fully reported to and investigated by the consular representative of the United States at the port or place from which such laborer departs for the United States, and certified by such representative of the United States to the satisfaction" of the Chinese inspector in charge at the port where such Chinese person shall seek to land, etc., "and no Chinese laborer shall be permitted to reenter the United States without producing to the proper officer" in charge "at the port of such entry the return certificate herein required." By rule 14 of the Department of Labor respecting the admission of Chinese, it is provided that, when a Chinese laborer holding a return certificate is detained for reasons included in the statute, the consul shall investigate and certify to the satisfaction of the immigration authorities that he has fully investigated the statements of such laborer and believes that he was unavoidably detained for the time specified and for the reasons stated. Immigration records of proceedings were made a part of the petition.

General demurrer to the petition was overruled, and the Commissioner of Immigration filed a return, denying that the action of the executive authorities was illegal or in excess of power, and set forth the action of the board of special inquiry and of the Secretary of Labor. Hearing was had before the District Court, where witnesses were sworn and thereafter petitioner was discharged. The Commissioner appealed.

The first question presented by the assignments of error is whether the court should have sustained the demurrer to the petition. If the answer is that petitioner failed to show ground for relief, then the court should have proceeded no further than to make the necessary order dismissing the petition. We must therefore turn to an examination of the facts as disclosed by the records which were made a part of the petition.

Toy Young Quen was admitted to the United States as the son of a merchant on August 7, 1921. On October 23, 1924, he desired to go to China and obtained a return laborer's certificate. He sailed on November 1, 1924. On April 27, 1926, he applied to the American consul at Hong Kong for an overtime certificate, presenting an affidavit stating that his father was a domiciled merchant in the United States, and that he (applicant) was a member of the firm; that his return had been deferred by reason of the "delay of his marriage owing to the illness of his mother." The consul issued the overtime certificate, noting thereon that it was issued with the express understanding that, unless the applicant could prove his exempt status as a returning merchant, the certificate was null and void as the alien "presented no evidence which would otherwise entitle him to an overtime certificate." He arrived in San Francisco September 17, 1926, having been absent from the United States more than one year, but less than two years. Upon his examination by a Board of Special Inquiry the applicant testified that he knew that the time limit on his return certificate would expire within one year, but that when he departed he was told by the examining inspector that he could get an extension of another year; that while he was in China he was physically able to travel, and that his reason for not returning within the time limit of his certificate was not due to physical disability, but to his assumption that he could remain away for a year in addition to the time granted by the certificate; that his mother was sick; that he applied to the American consul at Hong Kong for an overtime certificate before leaving China, and gave as his reason for wishing the certificate that his mother was ill and that he had to stay at home and take care of her. He denied that he had told the consul in China that he was a merchant in the United States, and said that a statement made in his affidavit filed at Hong Kong that he was a member of the firm of Quong Yee Woo Company was not correct; that his father was a merchant in that firm, but that he himself owned no interest in any mercantile concern in the United States; that before returning to China he was a silk peddler.

The board found that the applicant had controverted the statements made in the affidavit referred to as evidence of his right to receive the overtime certificate applied for; that, as he had produced no evidence that he was a lawfully domiciled merchant within the United States, he had failed to comply with the conditions under which an overtime certificate was granted, wherefore the overtime certificate issued was null and void, and applicant's right to re-enter on the laborer's return certificate automatically ceased on

November 1, 1925, which was one year after the date of applicant's departure from the United States. The board rejected applicant's contention that he had a right to return on the claim that he had been informed by an inspector of the immigration service that he could have his certificate extended for a period of one year. Admission was denied.

A board of review examined the case and in a well-considered opinion the chairman pointed out that in applicant's affidavit filed with the consul at Hong Kong the reason given for failure to return within one year after departure was that applicant's mother was ill and that his marriage was delayed on that account, whereas in his testimony before the Board of Special Inquiry at San Francisco he said he assumed that he could get an extension, and that his mother was sick, and that he had to stay at home and care for her. Comment was also made upon the fact that, although applicant in his affidavit before the consul claimed that he had been a merchant, he made no such claim before the immigration authorities before his departure or at the time of his return. The board concluded that, while it would look favorably upon a case where delay in returning was caused by the severe illness of a mother or other close relative where the delay was due solely to that cause, nevertheless, it could not consider a delay in returning due to inability to marry sooner as being a cause beyond the control of the applicant. As the facts reported did not satisfy the board, it recommended dismissal of the appeal.

We were told during the argument that some years ago the practice was for the consul abroad to determine whether a Chinese person was entitled to an extension of a year beyond the return certificate period, and that where the consul was of the opinion that the Chinese person did not show cause for issuing an extension certificate as required by section 7 of the act heretofore referred to, he would refuse to grant the extension; but that now the practice is for the consul to make a report in the form of a certificate, setting forth that he has made an investigation with respect to facts upon which extension is sought, and that at the port of arrival the immigration authorities determine whether there was sufficient cause for delay in returning. This change of practice seems to have occurred while Toy Young Quen was in China. But that matter is irrelevant to this case, wherein the alien was denied admission by the executive officials solely upon the ground that the reasons he gave for his failure to return within a year were not considered sufficient to have entitled him to an extension under section 7 of the act. Yee Gee's Case (D. C.) 17 F.(2d) 653, is quite different in points involved.

It is evident that petitioner sought relief from the court, not upon any ground advanced or relied upon when he was examined by the immigration officials, but upon a new ground, which, if founded on truth, could and should have been brought to the attention of the executive authorities before judicial relief was sought. As the reasons given by petitioner for delay in returning were found by the immigration officials to be insufficient in fact, and as their conclusion is in harmony with the statute cited, the demurrer was well taken and should have been sustained.

The judgment is reversed, with directions to deny the writ of habeas corpus.