**OWENS MOTOR CO., Inc., v. WILLIFORD et al.**

No. 5852.

Court of Appeals of the District of Columbia.

Argued Oct. 6, 1933.

Decided Nov. 6, 1933.

Joseph T. Sherier, of Washington, D. C., for plaintiff in error.

Jacob Halper, of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the municipal court.

On March 4, 1931, the Willifords, defendants in error, purchased from the Owens Motor Company, plaintiff in error, an automobile, for which they agreed to pay $792, of which they paid in cash and by allowance for a used car $239. The balance of $553 was to be payable in monthly installments of $37. The purchasers executed and delivered to the seller a conditional sales agreement, in which it was provided that title to the automobile should remain in the seller or its assigns until the entire purchase price should be paid, and that upon default in the payment of any monthly installment the seller or its assigns might repossess the automobile. The agreement contained further provisions as follows:

"(1) I agree that if within five days after such retaking I fail to redeem the chattel by payment of the unpaid balance and the expense of retaking, you may, at your option, make such disposition of said chattel as you shall deem fit, and all payments made by me or us shall be retained by you as liquidated damages for the use of said chattel while in my or our possession, and not as a penalty.

"(2) Or said chattel may be sold, with or without notice, either at public or private sale, at which you or your assigns may purchase and the proceeds, less the expense of taking, removing, holding, repairing and selling said chattel, * * * shall be credited upon the amount unpaid hereunder;

"(3) Or without such sale there may be credited upon the unpaid amount the fair market value of said chattel at the time of repossessing same, and in either event, in consideration of the use and depreciation of said chattel and as liquidated damages for the breach of this contract, I or we promise and agree to pay the balance forthwith."

The automobile was delivered to the buyers and remained in their possession until November, 1931 when, the buyers having defaulted in their payments, the car was repossessed by the seller and sold. The amount realized from the sale, plus the payments theretofore made by the defaulting buyers, exceeded (according to the findings of the court below) by $87.-

02 the price the defaulting buyers originally agreed to pay. The court below entered judgment in that amount.

Counsel for the seller contended below and contends here that the seller was entitled under the contract, because of the buyers' default, to retain as liquidated damages for the use of the automobile all payments theretofore made.

 It is competent for the buyer and seller in a conditional sales contract to agree that the seller may repossess the property in the event of default and retain all payments as liquidated damages. Ballinger v. West Publishing Co., 44 App. D. C. 49. And it has been held that it is competent for the parties to agree that the seller on default by the buyer may repossess the property and collect all the sums remaining due and unpaid as liquidated damages for breach of the contract. Bedard v. C. S. Ransom, Inc., 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488. Where, as here, the property has been repossessed and the full purchase price and all expenses have been realized by the seller, the court should closely scrutinize the contract before giving it an oppressive interpretation. While not a mortgage, such a contract "is in the nature of a mortgage." Ballinger v. West Publishing Co., 44 App. D. C. 49; Southern Ice & Coal Co. v. Alley, 127 Tenn. 173, 154 S. W. 536. Equitable principles should bar the seller from the pursuit of more remedial action than will give satisfaction of the buyers' actual obligation. Mercier v. Nashau Buick Company, 84 N. H. 59, 62, 146 A. 165.

 In the contract under examination, the first of the three provisions authorizes the retaking of the chattel by the seller and its redemption by the buyer within five days by the payment of the "unpaid balance and the expense of retaking." If the chattel is redeemed, the seller receives no more than the unpaid balance and expenses; in other words, the seller is made whole. If not redeemed, the seller is authorized to make such disposition of the chattel as he may "deem fit" and retain payments theretofore made as liquidated damages. Had these been the only terms of the contract, there would have been more basis for the seller's contention, although even then there would have been doubt whether the parties intended the seller to retain more than enough to make him whole. It was held in the Mercier Case that the defaulting purchaser under a conditional sales contract is entitled to an accounting where the seller has disposed of the property, and that the seller must give credit for the value of the property or

for whatever he receives for it, whichever is greater, and, that being done, the defaulting purchaser is entitled to any balance after the credit is applied.

The two remaining provisions in the contract under consideration clearly indicate that it was not contemplated that the seller should retain more than the contract price, plus expenses. The second provision is that the chattel may be sold "and the proceeds * * * shall be credited upon the amount unpaid hereunder"; and under the third provision, without selling the chattel, there may be credited "upon the unpaid amount" the "fair market value" of the chattel; and in either event, the buyer agrees "to pay the balance forthwith." Had the parties intended that the first provision should authorize the retention of all payments, whether the balance due was less or more than the then value of the chattel, consistency would have required the second and third provisions to authorize (as in Bedard v. C. S. Ransom, Inc., 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488), in addition to the repossession of the chattel, the collection of the full purchase price.

The judgment below is therefore correct, and is affirmed, with costs.

Affirmed.