**THOMAS v. MARVINS CREDIT, Inc.**
No. 1057.

Municipal Court of Appeals for the District of Columbia.

Argued May 7, 1951.

Decided June 1, 1951.

Andrew W. Carroll, Washington, D. C., for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant, Catherine Thomas, has appealed from a judgment of condemnation of money owing to her by Federal Housing Administration levied upon under a writ of garnishment based upon a judgment obtained against her on account of certain furniture purchased at Marvins Credit, Inc.[1]

The transaction had its origin in January, 1947 with the purchase from Marvins of a radio combination and other furniture. In April, 1949 Marvins filed suit against Bolling Thomas, Jr., and Catherine Thomas alleging that the furniture was purchased from Marvins by defendants under a conditional sales contract, under seal, and that $277.40 was still owing. The bill of particulars which was filed in lieu of a complaint since the action was a "B" action—for $500 or less—prayed for relief in the following terms: "Wherefore plaintiff claims either the return of said merchandise or chattels, or the balance of $277.40, due on said contracts, with interest from January 14, 1949, and costs." Personal service was had upon Catherine Thomas only. She defaulted and, upon ex parte proof being taken, judgment against her was entered May 16, 1949, as follows: "Judgment for plaintiff by ex parte proof for $257.50, interest from the date at 6% per annum, and costs; or, in the alternative, for return of said goods and chattels which are the subject matter of this suit against Catherine Thomas only."

1. See Thomas v. Marvins Credit, D.C.Mun.App., 76 A.2d 773, for our decision on another phase of the same dispute.

Nothing further happened until November 8, 1949, when defendant's salary at Federal Housing Administration was garnisheed by Marvins Credit. Thereupon defendant moved to vacate the original judgment against her claiming that she had not purchased any merchandise from Marvins, and that she had not signed any contract for such purchase. She gave no reason for failing to defend the action in which she had been personally served. Marvins replied to the motion to vacate the judgment, admitting in effect that defendant had not signed the contract for the furniture but stating that when it was delivered for her husband, she had signed the receipt for it, that payments on account had been made for several months, that subsequently defendant's husband was sentenced to jail, and that Marvins was about to repossess the furniture, but that the wife arranged with Marvins to keep it by making the payments and continued to do so while her husband was in jail. The trial court on April 25, 1950 refused to set aside the judgment on the ground that more than three months had passed since its entry, citing its rule 53(b) made applicable to Class "B" actions by its rule 10 and Mike's Mfg. Co. v. Zimzoris, D.C.Mun.App., 66 A.2d 414.

A further writ of garnishment against defendant's salary due from the Federal Housing Administration was served May 9, 1950. A representative of that agency having admitted money was owing to defendant, plaintiff filed a motion of condemnation against such funds. Such motion was opposed on grounds not relevant here. On October 25, 1950 judgment of condemnation against the funds garnished was entered. On the same date a motion to vacate the judgment of condemnation was filed, it being urged for the first time that the original suit was in detinue, that no writ of distringas had been issued or returned unsatisfied and, therefore, that the garnishment was void. It was also suggested that the goods were in storage and were available to plaintiff. It is from the denial of the last

motion by the trial court that the present appeal is taken.

Defendant has mistaken both the time and nature of her remedy. She was personally served in the original action and permitted judgment to be taken against her and has to this date given no excuse for not answering the suit. When her motion to set aside the judgment was overruled she took no appeal.

■ Moreover, defendant is mistaken in terming the action one in detinue. That old common law action asked judgment that the plaintiff recover goods or their value if he could not have the property itself. It was a form of action which lay for the recovery, in specie, of personal chattels from one who acquired possession of them lawfully but retained it without right, together with damages for the detention.[2] Here the complaint did not ask for the goods or their value; it asked for the goods or for the balance owing on the purchase contract. Prayers in the alternative are permitted. The judgment put the money claim first and added as an alternative a provision for the return of the goods. It seemed to resemble somewhat a judgment in detinue. In fact it was totally different. These goods were purchased in 1947; it was not until October, 1950 that defendant first offered their restoration and first urged that the May, 1949 judgment was void. The judgment probably was erroneous when rendered. But the court had jurisdiction over the subject matter and over the defendant. A money judgment was requested and one was given. That the judgment ordered, in the alternative, the return of the goods, did not render it void or make it a judgment in detinue. This being an indirect or collateral attack on the prior judgment it would be permitted only on the ground of extrinsic fraud.[3] At most the grounds urged here are that the prior judgment was obtained by perjured testimony to the effect that defendant signed the purchase contract. This is an allega-

---

2. 1 Bouv. Law Dict., Rawle's 3d Rev., 858 et seq. (8th Ed. 1914).

3. United States v. Throckmorton, 98 U. S. 61, 25 L.Ed. 93; Fidelity Storage Co. v. Urice, 56 App.D.C. 202, 12 F.2d 143.

342

tion of intrinsic fraud and not grounds for collateral attack even if established.

Affirmed.

HOOD, Associate Judge (concurring).

While I agree with the opinion of the court that because of delay in asserting her rights we can give appellant no relief, I feel something should be said about the procedure in the trial court. The complaint alleged that the goods were purchased under a conditional bill of sale, which reserved title in the seller and provided that in event of default the seller could repossess the goods. It was further alleged that default had occurred and a balance of $277.40 was due. The complaint, after specifically describing the goods, concluded: "Wherefore, plaintiff claims either the return of said merchandise or chattels, or the balance of $277.40."

This action was to recover specific personal property and was in essence an action in detinue, because obviously it was not in replevin. In an action in detinue the judgment for a successful plaintiff must be for recovery of the articles or in the alternative for recovery of an amount found to be the value of the goods. The defendant has the option to pay the money and keep the goods. The complaint in the instant case was bad because it asked for the goods or the balance due under the contract and not the value of the goods. I know of no decision or statute authorizing a court to award the balance due on such a contract as an alternative for failure to return the goods. The trial court, for reasons not shown, reversed the order of relief asked and gave judgment for $257.50 or in the alternative for the return of the goods. The amount awarded was obviously the balance due on the contract and not the found value of the goods.

The seller argues that the forms of action, including detinue, have been abolished and it has the right under modern procedure to ask for and obtain such relief as it may be entitled to. This is true in a general sense, but the substantive rights of parties have not been changed by procedural rules. A conditional vendor, upon breach of condition, may elect either to treat the transaction as an absolute sale and sue for the purchase price, or to treat the sale as a nullity and retake the property. He cannot do both. Ballinger v. West Publishing Co., 44 App.D.C. 49, certiorari denied, 239 U.S. 646, 36 S.Ct. 167, 60 L.Ed. 484. If he wishes to treat the property as security for the debt, he may recover a deficiency judgment for the excess of the debt over the proceeds from the sale of the property. Ballinger v. West Publishing Co., supra. Cf. Owens Motor Co. v. Williford, 62 App.D.C. 319, 67 F.2d 691. Here the vendor asked and obtained judgment for the full purchase price, and therefore had no right to claim the property in the alternative or otherwise. In my opinion a conditional vendor who sues for the purchase price waives any claim to the goods, and certainly he cannot get a judgment for the purchase price and an alternative judgment for return of the goods. If such a practice exists in the trial court, it ought to be stopped.