**MARVINS CREDIT, Inc. v. MORGAN.**

**No. 1166.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 10, 1951.

Decided Jan. 17, 1952.

Abraham Chaifetz, Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question before us is whether a plaintiff, basing his claim on a conditional sale agreement, was entitled to a judgment not only for the balance due under the agreement, but also alternatively for the return of the chattels involved.

The conditional sale agreement in this case covered certain bedroom furniture sold by Marvins Credit to defendant and contained, along with reservation of title and other usual clauses, a provision authorizing the vendor to repossess the furniture upon purchaser's default in payment. Marvins sued in the Municipal Court alleging that defendant had made purchases amounting to $375.08 and that $354.56 remained owing. In its bill of particulars Marvins demanded either the return of the goods or the balance due thereon.

Defendant made no appearance in the trial court and ex parte proof was offered by plaintiff. In deciding the matter the trial judge filed a memorandum opinion awarding the plaintiff a money judgment for $354.56, the balance due under the contract, and refused to enter an alternative judgment for possession of the furniture. Plaintiff brings this appeal.

Plaintiff first denominated his action as being "in detinue" and later was given leave of court to eliminate those words. But plaintiff did not change the wording of its claim for relief which remained as follows: "Wherefore, plaintiff claims either the return of said merchandise, or chattels, or the balance due thereon from the defendant who signed said contract, to wit; $354.56, plus costs * * *." Thus plaintiff was demanding a judgment for repossession of the chattels sold and also a judgment entitling it to the balance due under the contract.

We think the trial judge was right in declining to give plaintiff such a cumulative recovery. It is true as appellant argues that under modern procedure alternative prayers for relief may be advanced. But there is no rule of the Municipal Court which authorizes the kind of judgment here demanded, in favor of a conditional vendor. Nor is such a judgment authorized by the substantive law of this jurisdiction. Many years ago it was held that upon default by a conditional vendee the vendor "may elect either to treat it as an absolute sale, and sue for the price, or to treat the sale as a nullity and retake the property; but he cannot do both. Sanders v. Newton, 140 Ala. 335, 37 So. 304, 1 Ann.Cas. 267." Ballinger v. West Publishing Co., 44 App.D.C. 49, 51, certiorari denied 239 U.S. 646, 36 S.Ct. 167, 60 L.Ed. 484. There it was also said that the vendor may treat the property as security for the debt and if after resale thereof a deficiency remains, he may sue for such a deficiency.

Much more recently this court had occasion to question the propriety of awarding such a judgment. In Thomas v. Marvins Credit, D.C.Mun.App., 81 A.2d 340, the plaintiff sued on a conditional sale contract and obtained a judgment by default for the balance due, and the same judgment ordered in the alternative a return of the goods. The case was brought here to review an order of the trial court refusing to vacate an ensuing judgment of condemnation. We declined to order the judgment vacated because of defendant's long and unexcused default and because the proceeding seeking to vacate the judgment constituted a collateral attack on the judgment itself. We said that while the alternative judgment was not void, it "probably was erroneous when rendered." In a separate concurring opinion, Judge Hood went further and said that the complaint was bad because it asked for the goods or the balance due under the contract, not for the value of the goods. He pointed out that when a plaintiff prevails in a detinue action the judgment must be for the recovery of the articles or in the alternative *for the amount found to be the value of the goods.* Here there was no attempt to prove the value of the goods; plaintiff was throughout insisting on a judgment for the *balance due under the contract* as well as the cumulative right to possession of the chattels. We rule that the plaintiff had no right to such a judgment.

If such a procedure were allowed, a plaintiff could, as the trial judge has said, treat the transaction as an absolute sale and at the same time treat the sale as a nullity. Whatever may be said about the right to plead alternative or even inconsistent claims, we rule that such an obvious repugnancy should not be incorporated into a judgment. It must be remembered that this situation is entirely different from one in which a conditional vendor has already recovered a chattel and is suing for a resulting and provable deficiency.[1] This plaintiff was attempting to obtain in a single judgment an advance sanction to enforce its claim in rem as well as in personam, at its own option and pleasure and to its own advantage. The law will not arm a plaintiff with such a double barreled weapon in the kind of circumstance we have here.

■ Appellant says the trial court erroneously "precluded plaintiff from making an election, prior to entry of judgment, as to which judgment it desired," i. e., either a judgment for possession or a judgment for the balance due. But the record recites that appellant insisted on its right not to elect at all and to have an "alternative judgment," "and it was stipulated by counsel for plaintiff that, even if plaintiff had been permitted by the Court to make an election as to which of the alternative judgments it desired, it would have refused to make such election." Having refused in advance to make an election and having insisted that he should not be put to an election, counsel cannot now complain that no opportunity to elect was given him.

■ Appellant relies on several sections of the Uniform Sales Act, incorporated into Code 1940, § 28–1101 et seq. None of these statutory provisions has any applicability to the basic question before us, except one. Section 28–1405(2) provides: "The unpaid seller of goods, having a lien thereon, does not lose his lien by reason only that he has obtained judgment or decree for the price of the goods." In view of that provision it becomes necessary to modify the judgment rendered below by deleting from it the provision reading: "should the merchandise under the conditional contract of sale be in possession of Plaintiff, the Court hereby directs that such merchandise be delivered to Defendant." Since there was no evidence as to who had possession of the merchandise, the quoted words are seemingly surplusage.

Modified and affirmed.

---

1. See Ballinger v. West Publishing Co., supra.