**BURNS et al. v. FINCKE et al.**

No. 11027.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 3, 1952.

Decided April 24, 1952.

Mr. Stanley Suydam, Washington, D. C., for appellants.

Mr. O. R. McGuire, Washington, D. C., for appellees.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant Burns, a plaintiff below, and appellee Fincke, a defendant, were partners engaged in the business of buying and selling new and used aircraft, aircraft engines, parts and accessories. The partnership was terminated. Thereafter, on November 24, 1947, a written contract was executed to effect a settlement of disputed accounts between them. Fincke paid Burns $1,000 pursuant to one of the provisions in this contract.

On February 2, 1948, Burns sued Fincke to recover for breach of the remaining provisions of this settlement contract and also for specific performance. The complaint alleged, *inter alia*, that Burns and Fincke after termination of their partnership had contracted to settle their differences and that Fincke had failed and refused to carry out his part of the contract. Judgment for $22,300, with interest and costs, as well as specific performance, was prayed. Fincke counterclaimed for $1,000, the amount he had paid under the terms of the settlement contract, alleging that the contract grew out of Burns' fraud.

The parties then agreed that each would file a praecipe disposing, respectively, of his claim and counterclaim. Burns paid $1,000 in settlement of the counterclaim and filed a praecipe in the District Court directing the clerk to dismiss with prejudice his complaint. Fincke filed a praecipe directing the clerk to dismiss with prejudice his counterclaim.

The present action was subsequently filed. In it plaintiffs [1] allege that defendants converted to their use certain property of Burns on or about December 31, 1946. Judgment for $14,000, with interest and costs, is demanded. Defendants assert that

---

1. After answer was filed appellant Burns moved for joinder of the United Nations Engineering and Export Corp. as a plaintiff. He filed an affidavit that he was its president and principal stockholder. No point is made with respect to parties.

the prior action is *res judicata*.[2] Plaintiffs counter that the dismissal of the prior action and of the counterclaim constituted a rescission of the settlement agreement of November 24, 1947, as a consequence of which the parties are in the same position as if no settlement agreement had been executed, leaving plaintiffs free to sue on their original claim. It is stipulated that the item of $14,000 for which judgment is sought in the present action constituted a component part of the settlement agreement of November 24, 1947.

The praecipes, filed with the clerk of the District Court in the first suit, are to be construed as constituting a stipulation within the meaning of Rule 41(a), Fed. Rules Civ. Proc. 28 U.S.C.A.[3] Since the stipulation provides for dismissal with prejudice, the first action is *res judicata* of the matters covered by the cause of action and counterclaim therein. Cleveland v. Higgins, 2 Cir., 1945, 148 F.2d 722, certiorari denied, 1945, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428.

The item of $14,000 for which the present action was instituted was a part of the disputed matters included in the compromise agreement of November 24, 1947. It was merged in the action on that agreement. When that action was dismissed with prejudice, *res judicata* which attached to its subject matter attached to its component parts. See Cleveland v. Higgins, supra; United States v. Parker, 1887, 120 U.S. 89, at 93, 7 S.Ct. 454, 30 L.Ed. 601; Restatement, Judgments § 62.

As to plaintiffs' contention that the manner in which the first action was disposed of constituted a rescission of the settlement agreement, and, therefore, that the original claim now in suit was left intact, we conclude, for reasons already stated, that the disposition of the first action, albeit in a sense a rescission of the agreement, constituted *res judicata* of the matters there in litigation, which included the present claim of plaintiffs.

Affirmed.

---

2. The District Court, commenting that irrespective of whether *res judicata*, estoppel by judgment, or settlement by compromise applies, dismissed the complaint, holding that it was not "proper that the matter be again litigated."

3. "Rule 41. Dismissal of Actions.
 "(a) Voluntary Dismissal: Effect Thereof
 "(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. As amended Dec. 27, 1946, effective March 19, 1948."