**UNIVERSAL C.I.T. CREDIT CORPORA-
TION, Appellant,**

v.

**Constantine GOGOS, Appellee.**

**No. 3053.**

Municipal Court of Appeals for the District of Columbia.

Argued July 23, 1962.

Decided Sept. 18, 1962.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Peter G. Chaconas, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges

HOOD, Chief Judge.

This appeal is from the grant of summary judgment for appellee on the ground that the present action was res judicata because of a former action between the same parties.

In the present action appellant sought judgment for $1,232.17, the alleged deficiency due under a conditional sale of an automobile after repossession and sale. In the previous action, entitled as one in detinue, appellant alleged the conditional sale of the automobile and default in payment, and sought "return of the vehicle or payment in full" of $2,382.58. It concluded by demanding judgment for $2,382.58 or return of the vehicle. No answer was filed and thereafter appellant filed a praecipe to enter the action "as settled and dismissed with prejudice."

"A final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action." 30A Am.Jur., Judgments § 363. And this is true as well of judgments entered by consent, compromise or agreement of the parties.[1]

The question is therefore whether the present action involves the same claim asserted in the prior action. Appellant concedes that both actions involved the same parties, the same conditional sale and the same automobile, but argues that the primary purpose of the first action was to obtain possession of the automobile and that such action was dismissed when appellee voluntarily surrendered possession. Having obtained possession appellant sold the vehicle and then, and then only, was the deficiency ascertained. Appellant argues that when the deficiency was ascertained a new cause of action, not encompassed in the prior action, arose.

There might be substance to this argument had the first action been strictly in detinue. Although it was said in this jurisdiction nearly seventy years ago that the action of detinue "is an old common law action, not much resorted to in modern practice,"[2] it is still available to one who has right to immediate possession of a chattel.[3] Such an action seeks return of the chattel or the value thereof.[4] In its first action appellant did seek return of the automobile, but in the alternative sought judgment not for the value of the automobile but for the full amount due under the conditional sales contract.[5] Apparently

the value of the automobile was much less than the amount due, because after sale of the vehicle and application of the proceeds of sale to the amount due, there remained a deficiency of over $1,200.

Having sought in the first action recovery of the full amount due under its contract and having entered that action as settled and dismissed with prejudice, appellant was barred from bringing a subsequent action on the same contract for recovery of another amount.

Affirmed.

1. See Burns v. Fincke, 90 U.S.App.D.C. 381, 197 F.2d 165; Parks v. Calvert, 56 App.D.C. 381, 15 F.2d 895; 50 C.J.S. Judgments § 630.

2. Wiard v. Semken, 2 App.D.C. 424, 426.

3. Associates Discount Corp. v. Hardesty, 74 App.D.C. 44, 122 F.2d 18.

4. Fidelity Storage Corp. v. Maguire, 41 App.D.C. 231. See also Keigwin, Cases on Common Law Actions, p. 71 (1928).

5. Cf. Marvins Credit v. Morgan, D.C.Mun. App., 87 A.2d 530; Thomas v. Marvins Credit, D.C.Mun.App., 81 A.2d 340.