Priscilla BECTON, Appellant,

v.

**WALKER–THOMAS FURNITURE COMPA-NY, a general partnership composed of Robert W. Thomas, Vernon V. Thomas and Gladys L. Cover, Appellee.**

No. 3191.

District of Columbia Court of Appeals.

Argued June 3, 1963.

Decided June 19, 1963.

Catherine U. Welch, Washington, D. C., for appellant.

Harry Protas, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

We are asked to consider the validity of a judgment based upon a complaint in replevin [1] for repossession of certain household furnishings or the alleged value thereof of $599.86.

Upon default by appellant buyer under lease-purchase contracts for certain household furnishings, appellee instituted suit against her for "unjustly detaining * * * [certain] goods and chattels" and praying that they "be taken from the defendant * * * or * * * that it may have

---

1. Amended at the trial by plaintiff to one in detinue.

judgment for [their] value and all mesne profits and damages, which it estimates to be $599.86, besides costs." D.C.Code, 1961, § 11–725. The writ of replevin was returned with the marshal's notation, "No personal property found thereon to levy." It was never renewed. Appellant buyer filed an answer *pro se* denying she had bought all the items set forth in the complaint.[2] At the trial, appellant, appearing without counsel, admitted she owed $599.86 under her contracts. Evidence on both sides concerned only the terms of her purchases, the payments made, the balance due, and the negotiations after the buyer's default and prior to suit. *No testimony was offered as to the value of the property at that time.* Judgment was entered awarding possession to appellee of the chattels "or the value thereof of $599.86," this figure being the precise balance due under the lease-purchase contracts.

We hold that this judgment giving possession of the goods *or* their value, which was arbitrarily placed at $599.86, does not conform with the requirement of our Code and is invalid for insufficient evidence to support it. D.C.Code, 1961, §§ 11–726 and 11–731, spells out specifically the measure of damages to which the vendor is entitled in an action in replevin.

§ 11–726 provides:

> "If the officer's return of the writ * * * be that * * * he could not get possession of the goods * * * plaintiff may prosecute the action for the value of the goods and damages for detention * * *."

§ 11–731 provides:

> "* * * plaintiff's damages shall be the full value of the goods * * * and damages for the detention thereof * * *."

"Value of the goods" is not synonymous with a balance due under a contract. Having elected to pursue a statutory remedy, appellee is bound by the measure of damages set forth in the statute and the trial court must fashion its judgment upon appropriate evidence.

The validity and propriety of a dual judgment of this nature has been fully explored in prior cases. Marvins Credit v. Morgan, D.C.Mun.App., 87 A.2d 530; Thomas v. Marvins Credit, D.C.Mun.App., 81 A.2d 340. See also Universal C.I.T. Credit Corporation v. Gogos, D.C.Mun.App., 184 A. 2d 197. Accordingly, the judgment must be set aside and the case remanded for a new trial consistent with this opinion.

It is so ordered.

---

2. The original complaint listed a living room suite. Both the buyer and counsel for the vendor agreed at trial that appellant had not purchased this item.