**WALKER–THOMAS FURNITURE COMPANY, Appellant,**

v.

**Priscilla BECTON, Appellee.**

No. 3426.

District of Columbia Court of Appeals.

Submitted March 16, 1964.

Decided April 30, 1964.

Harry Protas, Washington, D. C., for appellant.

Catherine U. Welch, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This case is a sequel to Becton v. Walker-Thomas Furniture Company, D.C.App., 192 A.2d 125 (1963). There we considered the validity of a judgment for Walker-Thomas based upon its complaint in replevin for repossession of certain household articles. The judgment granted Walker-Thomas possession of the chattels "or the value thereof of $599.86". We set aside the award, noting our continued rejection of alternate judgments for possession or damages. Id., 192 A.2d at 126. We ruled further that Walker-Thomas' failure to renew the writ of replevin limited it to a judgment for damages only. Code 1961, § 11–726, as amended, § 16–3734 (1963). Since the award of $599.86 was the precise balance due under the purchase contracts rather than the "value of the goods,"[1] we remanded for a new trial to consider the question of damages.

On remand, Walker-Thomas moved to voluntarily dismiss the action without prejudice. It stated that judgment for the value of the eloigned chattels was not sought and was of no value. Objection was made and the trial court ruled, in conformity with our opinion, that having elected a statutory remedy Walker-Thomas must proceed to trial on the issue of the "value of the goods." Instead, Walker-Thomas stood on its motion for a voluntary nonsuit, and rejected the trial court's offer of a continuance. Thereupon the trial court refused to grant the motion and dismissed the action with prejudice for lack of prosecution. This appeal followed.

We have previously said that when the trial court "receives a mandate on

---

1. Code 1961, § 11–731, as amended, § 16–3739 (1963).

reversal and the terms of reversal are explicit, the trial judge has no function except to put such terms into execution." District of Columbia v. Huffman, D.C.Mun.App., 42 A.2d 502, 504 (1945). Therefore our ruling that the case be remanded for a new trial on the issue of damages expressly limited the scope of the proceedings in the trial court. The sole issue on remand was the "value of the goods." Our view that Walker-Thomas had failed to follow the statutory procedure to obtain possession of the goods became the law of the case. Considering this and all the circumstances, we find no abuse of discretion in denying the motion and dismissing the cause for failure to prosecute.

Affirmed.