George A. SCHMIEDIGEN, Committee, Estate of Harriet V. Leich, Appellant,

v.

C. G. SLOANE & CO., Inc., a corporation, Appellee.

No. 3561.

District of Columbia Court of Appeals.

Submitted Oct. 19, 1964.

Decided Nov. 20, 1964.
Rehearing Denied Dec. 8, 1964.

George A. Schmiedigen pro se.

William H. Collins, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Harriet and Catherine Leich, sisters, lived together until early in 1962 when Harriet was adjudged of unsound mind and committed to Saint Elizabeths Hospital. In September 1962 prior to the admission of Catherine to the Home for Incurables, a caseworker for a private social agency looking after the physical welfare and minor business matters of the sisters, arranged, with the knowledge and consent of Catherine and of a nonresident nephew, apparently the closest relative, for appellee to remove and sell at public auction the household furnishings in the apartment the sisters had shared.

The committee for the estate of Harriet filed a complaint in detinue against the corporate appellee charging that it had unlawfully taken and refused to return personal property belonging to his ward [1] and demanded either its return or its replacement value. Appellee answered that it had removed the property for sale at public auction at the request of a caseworker acting for Catherine who was represented to it as being the sole owner. It admitted the sale of the property in question and offered to pay the net proceeds thereof into court or to such persons as directed by the court.

Testimony of the caseworker and the nephew indicated that, during the years the sisters had lived together, each had from time to time purchased items for the apartment, but neither witness could identify which property belonged to each sister. They surmised that it belonged to "both of them," but no definitive evidence was introduced to establish the precise ownership of over one hundred and thirty items. At the most it appeared that until the sisters separated the property in the apartment was jointly shared and mutually used and enjoyed.

 At the conclusion of the testimony on behalf of the committees, the court made a finding in favor of appellee. It ruled that Catherine had given her consent to the removal and sale of any property which might have belonged to her and that as to her property no case for conversion had been made. As to the property belonging to Harriet, the court held that as the testimony failed to establish her separate and sole ownership of any particular item, appellant failed to make out a *prima facie* case for conversion.[2] Without competent proof to establish the individual ownership of specific property belonging to Harriet, the court was correct in directing a motion in favor of appellee and in dismissing the complaint since an action of detinue will lie only in favor of "one who has right to immediate possession of a chattel." Universal C.I.T. Credit Corporation v. Gogos, D.C.Mun.App., 184 A.2d 197, 198 (1962).

██ The court also held that each estate was entitled to one-half of the net proceeds of the sale. Neither committee has objected to this equal distribution, but ap-

---

1. Later an amended complaint in detinue was filed in which the committee of Catherine C. Leich joined as co-plaintiff, Catherine having been committed to Saint Elizabeths in 1963.

2. Only the committee for Harriet has appealed.

pellant insists his ward is entitled to half the gross amount received by appellee from the sale without deductions for commission, drayage and sterilization expenses. He complains for the first time on appeal that the charges were excessive, but fails to show that the sale was not properly handled or that the costs incident thereto were not in accordance with the usual charges. We therefore find his objection untenable.

The trial court in a written opinion found that the sisters owned the personal property "in common," but at the conclusion of all the testimony announced that the property was "jointly" owned. Although we are of the opinion that the court erred in finding any specific type of ownership in view of the absence of sufficient com-

petent proof to establish joint, common or even individual ownership, such error is harmless and does not affect the ultimate determination in favor of appellee upon the basis that appellant had not established a *prima facie* case that appellee had unlawfully taken and unlawfully detained personal property belonging to his ward.

We hold the court was correct in entering a finding for appellee and ordering that the net proceeds from the sale be distributed in equal shares to the estates of the two sisters.

Other contentions by appellant·have been considered and are found to be without merit.

Affirmed.