### In re ESTATE OF William T. GRAY, Jr., Appellant.

### No. 02–PR–864.

District of Columbia Court of Appeals.

Argued Sept. 4, 2003.
Decided Oct. 23, 2003.

---

William T. Gray, III, pro se.

Isaac H. Marks, Upper Marlboro, MD, for appellees Lita F. Edwards, et al.

Before SCHWELB and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

William T. Gray, III, appellant, asserts in this appeal that the trial court erred in dismissing a second, successive complaint in the Probate Division of the Superior Court to have himself appointed as administrator to his deceased father's estate. We affirm.

On July 25, 2001, appellant filed a complaint (the "original complaint") in the Probate Division of the Superior Court. In that complaint, appellant contested the validity of the will of William T. Gray, Jr., his deceased father. (Appellant appears to have been the sole heir at law.) Appellant also requested the removal of two of his aunts as executrices of the Estate of William T. Gray, Jr. The record of that case reveals that appellant engaged in a six-month long pattern of uncooperative behavior toward both the trial court and the adverse parties in the case by continuously refusing to comply with numerous discovery orders and other obligatory filings.

Despite the fact that appellant's behavior was problematic from the outset, the trial judge made a considerable effort to move the case forward. However, on January 22, 2002, upon determining that appellant was not going to comply with the numerous orders directing appellant to follow stated procedure, an order dismissing the case with prejudice was entered against appellant, pursuant to Super. Ct. Civ. R. 37(b) (as applied to probate proceedings Super. Ct. Civ.—Prob. Div. 1(f)). In this order, the trial court noted that a complete dismissal as a sanction for failure to comply with the litigation process was an extreme measure that should only be used with great hesitation and after a careful review of the record. In considering the record, the trial judge observed that "the Plaintiff's wrong headed attitude [lent] itself to no corrective measure that would [have] assure[d] an efficient and orderly proceeding." He went on to conclude that "Plaintiff's wrong headed behavior demonstrate[d] that there [was] no likelihood that he [would] be any different in the future." "Under Super. Ct. Civ. Rule 37, the decision to apply discovery sanctions is left to the 'broad discretion' of the trial court." *Lyons v. Jordan,* 524 A.2d 1199, 1201 (D.C.1987); *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 687 (D.C. 1983). While dismissal with prejudice may

be a harsh resolution, it is allowed if the trial judge reasonably determines that the facts of the case warrant such a sanction. *Perkins v. District of Columbia Dep't of Employment Servs.*, 482 A.2d 401 (D.C. 1984).

Appellant's challenge to the merits of the order dismissing the original complaint with prejudice is not presently under consideration because it was dismissed by this court due to appellant's failure to file certain documents and tender fees related to the appeal.[1] *See* D.C.App. R. 7(A)(1), 10.

■ The only issue this court now addresses is whether the trial judge erred in dismissing the second, successive complaint. As we noted above, a dismissal with prejudice may be entered pursuant to Super. Ct. Civ. R. 37. "Since the stipulation provides for dismissal with prejudice, the first action is res judicata of the matters covered by the cause of action and counterclaim therein." *Burns v. Fincke*, 90 U.S.App. D.C. 381, 197 F.2d 165, 166 (1952). All of the issues raised in the first complaint were resolved upon the entry of the order dismissing the complaint with prejudice. Because appellant virtually repeated the same grounds for relief in his second complaint as was stated initially, the second complaint was properly dismissed under the doctrine of res judicata.

*Affirmed.*

---

1. Appellees argue that the appellant's appeal should have also been dismissed as untimely. A review of the record reveals, however, that the appeal was filed in a timely manner.